## DURAN et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2312.

Circuit Court of Appeals, Tenth Circuit.

Oct. 30, 1941.

Sam Clammer and Jay Whitney, both of Tulsa, Okl. (Frank Settle and E. O. Monnet, both of Tulsa, Okl., on the brief), for petitioners.

Louise Foster, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

■■ This petition to review an order of the Board of Tax Appeals presents the question of the liability of Abraham E. Duran and wife for income taxes for the years 1934 and 1936. The facts are not in dispute, and there is no controversy in respect to the amount of the taxes if the taxpayers are liable. New York Life Insurance Company maintains a retirement plan called "Nylic." Non-salaried soliciting agents are eligible for membership in it. There are five classes of members denominated "Freshmen," "First Degree," "Second Degree," "Third Degree," and "Senior Nylics." Twenty years of continuous service as agent for the company and the sale of more than $50,000 of life insurance each year are requisites for becoming a Senior Nylic. Senior Nylics are entitled to receive monthly payments so long as they live, provided they do not enter the service of any other life insurance company. The amount of the payments is determined by the amount of insurance sold during the last fifteen years of the twenty-year period. Abraham E. Duran became a Senior Nylic in 1922, entitled to receive monthly payments of $480.27 during the remainder of his life. Prior to 1934 he assigned to his sister all such sums to be subsequently paid, with provisions that in the event she should predecease him all benefits under the assignment should revert to him; he did not have any understanding with her concerning the disposition of such monthly sums after their payment to her; and he did not exercise or attempt to exercise any control over them. The insurance company made the payments to the assignee during 1934 and 1936. Duran and his wife did not include any part of such amounts in their income tax returns for those years. The Commissioner of Internal Revenue determined that such payments constituted gross income to the taxpayers and that there were resulting de-

326

ficiencies. On redetermination, the Board of Tax Appeals upheld that action. The taxpayers seek review.

Section 22(a) of the Revenue Act of 1934, 48 Stat. 680, 26 U.S.C.A. Int.Rev. Acts, page 669, and the same numbered section in the Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 825, provide in identical language that "gross income" shall include all "gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses * * * or gains or profits and income derived from any source whatever." The broad sweep of such statutory provision indicates a legislative purpose to exert in full measure the taxing power within categories mentioned. Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. And it is the dominant purpose of revenue legislation to tax income to those who earn or otherwise create the right to receive it and enjoy the economic benefit of it when paid. Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655.

 Ordinarily where income is returned on a cash basis a taxpayer who acquires the right to receive income is subject to tax upon it when it is received without reference to the time when the right to receive it accrued. But a taxpayer who has enjoyed the economic gain represented by his right to receive income is subject to tax thereon even though he has not received payment of it from his obligor. The enjoyment of that economic gain is fully consummated when he has made such use of his power to receive or control the income as to procure in its stead some other satisfaction which has economic value. The power to dispose of income is tantamount to ownership of it; and the exercise of that power in procuring payment to an assignee or nominee is the equivalent of the enjoyment of the income on the part of him who exercises the right. Helvering v. Horst, supra; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81.

 The sums which the insurance company paid to the assignee represented compensation for services rendered by Abraham E. Duran during earlier years. Such payment discharged an economic gain which he had earned and which accrued to him during the years in ques-

tion. He had the power to dispose of such income, and that power was the equivalent of ownership of it. He exercised that power in directing payment to his assignee. In other words, his enjoyment of the economic gain was fully consummated when he used his power to receive or control the income in such manner as to bring about payment to his nominee. For income tax purposes, the situation was the same as though the insurance company had paid the sums to him and he had passed them on to his sister. Although payment was made direct to the assignee, the sums represented gross income to the taxpayers. Helvering v. Horst, supra; Helvering v. Eubank, supra.

The order of the Board of Tax Appeals is affirmed.