Edwin R. Motch, Jr. and Mary McB. Motch, Husband and Wife, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 14621. Promulgated November 4, 1948.

*William A. Polster, Esq.,* and *D. A. Gaskill, Esq.,* for the petitioners.
*C. E. Price, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge*: The petitioner's first contention is that the amounts expended by him for the maintenance and operation of his automobile, for entertainment, and for the purchase of a blue dress military uniform while he was in Washington during 1942 and 1943 are deductible under section 23 (a) (1) (A) as ordinary and necessary expenses of his business as an Army officer. The Commissioner apparently allowed that part of the automobile and entertainment expenses allocable to the portion of 1942 when the petitioner was serving the Government in a civilian capacity. That action on his part would indicate that he did not question the amount of the expenditures for

1942.  The petitioner had records of his expenditures at the time he made his returns, but subsequently those records were destroyed in a fire.  He did not attempt to deduct the entire amount of his automobile expenses or the entire amount of his entertainment expenses.  The record justifies the finding that the deductions claimed by him were not excessive in amount if he was entitled to any deductions for the expenditures in question.

The petitioner was called into Government service because of his experience and training in industry.  He was not dependent upon his military pay.  His wife continued to maintain their home in Cleveland while he maintained himself in new quarters in Washington.  His job in Washington required him to move rapidly each day on short notice between a number of different points, and for that purpose he needed an automobile at his own disposal.  The Government did not supply him with adequate transportation and, therefore, he used his own automobile which he had recently procured with that use in mind.  The Commissioner has not advanced any sound reason why the automobile and entertainment expenses would be deductible by a civilian performing duties for the Government but would not be deductible by an Army officer performing similar duties, or why the expenses of maintaining and operating the automobile, in so far as it was used in connection with his business as an Army officer, are not deductible.  The petitioner has eliminated a part ample to cover his personal use of that automobile.  The remainder is deductible.

The situation in regard to the so-called entertainment expenses is substantially the same.  The petitioner occasionally had to go to New York on duty.  While there his expenses exceeded the $6 allowed him for expenses by the Government.  The excess was clearly an ordinary and necessary expense under section 23 (a) (1) (A).  He had expenses in Washington at clubs and also at his residence for entertaining representatives of industry and representatives of foreign governments with whom he was dealing on behalf of the Munitions Board.  He invited these persons to lunch on occasions so that he could discuss with them the problems in which they were both interested and so that he could give to his superior officer the information which the latter desired in order to carry out his duty.  The question in this connection is not what would be ordinary and necessary in the case of Army officers generally, but what would be ordinary and necessary expenses in the case of an officer carrying on a business of the kind carried on by this taxpayer.  He was not ordered to entertain these people at his own expense, but he was able to do it and his superiors knew and approved of what he was doing.  The evidence indicates that this hospitality on the part of the petitioner was reasonably necessary in that it enabled him to do his work and carry on his business as an Army officer more efficiently and satisfactorily than otherwise would

have been the case and that without it he would have failed to perform the duties expected of him. The petitioner is entitled to the deductions claimed for this expense.

The deduction of $1,000 representing the cost of the blue dress uniform, is claimed only under section 23 (a) (1) (A) as an ordinary and necessary expense paid in carrying on the petitioner's business as an Army officer. Necessary clothing is regarded for tax purposes as a personal rather than a business expense. However, deductions have been allowed for uniforms where it appeared that the taxpayer had to have the uniforms in addition to this ordinary clothing. *Marcus O. Benson*, 2 T. C. 12; affd., 146 Fed. (2d) 191; *Eleanor E. Meier*, 2 T. C. 458; *Helen Krusko Harsaghy*, 2 T. C. 484. Cf. *Louis Drill*, 8 T. C. 902. The petitioner was required to wear uniforms to the exclusion of civilian clothes during this period and he recognizes that those cases do not apply to his ordinary uniforms. He claims, however, that the situation is different in respect to the blue dress uniform because he only got to wear it three times. We are unable to make any distinction between his regular uniforms and the dress uniform under the evidence in this case or to find authority for the deduction in the cases cited. It would also appear that an expenditure of $1,000 for a uniform which ordinarily had a life of more than one year might be a capital expenditure in any event and not recoverable under section 23 (a) (1) (A). The question of whether or not it might be deductible under some other provision of the statute has not been raised by the pleadings, considered in the presentation of the evidence, or briefed by the parties, and it should not be decided upon the present state of the record.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

TURNER, J., dissenting: I agree with what is said in Judge Black's dissent with reference to entertainment expenses. I further disagree with the majority views, however, with respect to the automobile expense claimed. If petitioner's services were as vital as he seemed to think they were and the assignment of a car for his sole use in performance thereof had been necessary, it would, in my opinion, have been beyond reason to conclude that the Army would have risked even the lessening of his efficiency through failure to assign a car to him. In my opinion, the facts here found present a picture in which petitioner, being financially able to serve his personal preference and convenience, desired to have a car of his own and personally supplied it. It is accordingly my judgment that the automobile expense was a personal expense, and not an ordinary and necessary expense of the petitioner in the performance of his official duties.

ARUNDELL, *J.*, dissenting: Expenditures to be deductible under the revenue laws must be both ordinary and necessary. However necessary the expenditures in question may have been in the sense that they were appropriate and helpful in the carrying on of petitioner's work, it is difficult for me to see how they may be characterized as "ordinary" within the meaning of the statute. When we speak of expenditures as being "ordinary," we mean that they are common within the group in which petitioner is a part. I think that one might take judicial notice of the fact that Army officers do not "ordinarily" entertain persons with whom they have official dealings at private clubs, hotels, or at their homes in order to better talk business with them, nor do they "ordinarily" use their private cars to go from place to place rather than make use of the conveniences provided by the Government.

As stated in the majority opinion, petitioner is a man who is in nowise dependent upon his Government salary, and consequently he spent with liberality, even though he was prompted to do so in order to more efficiently carry on his duties. There are many expenditures which are both desirable and helpful which do not measure up to the standard of being "ordinary and necessary." Such in my opinion are the expenditures with which this report deals.

---

BLACK, *J.*, dissenting: I dissent from that part of the majority opinion wherein it allows petitioner a deduction for entertainment and travel expenses lumped together. It is, of course, true that petitioner would be entitled to have allowed as a deduction his traveling expenses for which he had not been reimbursed if he had separately proved them. The majority opinion has a finding as follows:

\* \* \* The petitioner was also required, in connection with his duties, to travel to cities away from Washington, and in connection with those trips he had expenses in excess of the amount allowed him by the Army and for which he was never reimbursed. \* \* \*

Section 29.23 (a)–2, Regulations 111, reads in part:

(c) If an individual receives a salary and also an allowance for meals and lodging, as, for example, a per diem allowance in lieu of subsistence, the amount of the allowance should be included in gross income and the cost of such meals and lodging may be deducted therefrom.

In the taxable years which we have before us the petitioner did some traveling on official business for which he no doubt received a per diem allowance. If his expenses for meals and lodging exceeded his per diem allowance, he clearly would be entitled under the foregoing regulation to deduct the excess. But he would have to prove what these traveling expenses were, and apparently he has not done so. He has lumped this excess expended in traveling expenses for which he would be entitled to a deduction with certain entertainment expenses

incurred and paid at his post of duty in Washington for which I do not think he would be entitled to a deduction. It seems to me that, under the fact cited in the majority opinion with reference to these entertainment expenses, they were more in the nature of personal expenses than they were in the nature of business expenses. Section 24 of the code provides in part:

(a) General Rule.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x).

Cf. *Commissioner* v. *Flowers*, 326 U. S. 812.

Because I believe the entertainment expenses incurred at petitioner's regular post of duty in Washington, D. C., allowed as a deduction by the majority opinion were more in the nature of personal expenses than they were in the nature of business expenses, I respectfully dissent from that part of the majority opinion which allows them as a deduction. I am in agreement with the other holdings in the majority opinion.

OPPER, *J.*, agrees with this dissent.