H. WILLIS NICHOLS, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 20572. Promulgated December 13, 1949.

*Leslie A. Meek, Esq.*, for the petitioner.
*R. W. Harbert, Jr., Esq.*, for the respondent.

**OPINION.**

Arnold, *Judge*: Petitioner contends that an Army officer in time of war is required to go where ordered, and that, if no quarters or transportation are available at his permanent duty stations, the expense of moving his household goods and automobiles from one permanent duty station to another is an ordinary and necessary expense of his business as an Army officer or an ordinary and necessary expense paid out for the production of income. Petitioner relies upon *Edwin R. Motch, Jr.*, 11 T. C. 777; appealed March 11, 1949 (CA-6).

In that case we permitted an Army officer to deduct as ordinary and necessary business expenses under section 23 (a) (1) (A) of the code the cost of maintaining and operating an automobile and the cost of entertaining incurred in carrying out his duties of assisting in the efficient distribution of machine tools and keeping in constant contact with manufacturers of production equipment, various Government agencies, and representatives of foreign countries. In that case the automobile expenses resulted from the use of the automobile in connection with his duties, and the entertainment expenses were held to be reasonably necessary in the performance of his duties. It did not involve the cost of moving a taxpayer's household goods and automobiles as an ordinary and necessary business expense.

The principle invoked by petitioner is not sustained by the adjudicated cases. In *Bercaw* v. *Commissioner*, 165 Fed. (2d) 521, the taxpayer contended that he was "away from home" within the meaning of section 23 (a) (1) (A) during his tour of Army duty and that his expenses incurred thereby, which included officers' mess assessment and janitor services, were traveling expenses. The Fourth Circuit held that taxpayer was engaged in the business of any Army officer, that his place of business was his particular Army post, and that his expenditures for meals and janitor services were personal living expenses and nondeductible under section 24 (a) (1) of the code. To the same effect is *York* v. *Commissioner*, 160 Fed. (2d) 385, which relates to a civilian employee of the Government who moved his family from Atlanta, Georgia, to Washington, D. C. See also *George B. Lester*, 19 B. T. A. 549, and cases there cited. See also *Commissioner* v. *Flowers*, 326 U. S. 465, which contrasts section 23 (a) (1) (A) with section 24 (a) (1), disallowing deductions for "personal, living, or family expenses."

In the instant case it can not be said that the expense of moving an Army officer's household goods and automobiles from California to Lexington or Louisville, Kentucky, was a necessary incident to the performance of his official duties. Actually, such expense had nothing whatsoever to do with the performance of his official duties. Undoubtedly, the maintenance of his family intact near his post of duty was a source of personal satisfaction to petitioner. It added to his personal and living conveniences. No trade or business exigencies caused him to move his family and possessions to Kentucky. It was his personal, family, and living comforts that brought about the move. The functioning of Headquarters Command at Santa Ana and Louisville was neither aided nor deterred by the presence of petitioner's family, household goods, and automobiles. There is no indication that the Headquarters Command functioned less efficiently at Atlantic City because of the absence of petitioner's family, household goods,

and automobiles from September 1944 to April 1945. In our opinion the expenses were personal, family, or living expenses under section 24 (a) (1) of the code, and were not deductible under section 23 (a).

*Decision will be entered for the respondent.*