W. H. Pennington v. Commissioner.
W. H. Pennington v. Commissioner
Docket No. 22292.
United States Tax Court
1950 Tax Ct. Memo LEXIS 57; 9 T.C.M. (CCH) 955; T.C.M. (RIA) 50257; October 31, 1950
*57 The cost to petitioner of moving his family from Memphis, Tennessee, to Vallejo, California, where he had secured employment for an indefinite period; the cost to him of work clothing and the laundering of the same; and the cost to him of meals and room in California prior to the arrival of his family, held not to be deductible as ordinary and necessary expenses under section 23 (a) of the Internal Revenue Code. W. H. Pennington, pro se. S. Earl Heilman, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined a deficiency in petitioner's income tax of $198.93 for the calendar year 1945. This entire deficiency arises from the disallowance by respondent of two deductions of $770 and $200, respectively, claimed as expenses by petitioner on his return filed for the calendar year 1945, together with an item deducted which is not contested in the petition. Findings of Fact Petitioner is an individual residing in Memphis, Tennessee. His return for the calendar year 1945 was filed with the collector of internal revenue for the district of Tennessee. Early in 1945, petitioner was *58 residing in Memphis, Tenneesee, and was interviewed by a representative of the Mare Island Navy Yards, Vallejo, California, with respect to accepting employment at that point as a general machinist. He accepted the employment and signed a form agreeing to remain on the job for a minimum of six months, although the duration of his employment was indefinite. He was furnished transportation and meals en route, and reported at Vallejo shortly after February 1, 1945. He was told that there would be housing facilities available for himself, his wife and child, but such facilities were not completed upon his arrival in California. Petitioner desired to bring his wife and small daughter to California but this action was delayed for several months by reason of this lack of housing facilities. During that time he maintained his family in Memphis and obtained lodging and meals for himself at Vallejo. Not long after petitioner's wife and child joined him in California he became dissatisfide with conditions by reason of the fact that there was no segregation in the public schools and his child would be forced to attend school with colored children. He accordingly voluntarily resigned his position *59 shortly after the expiration of the six-month period and returned with his family to Memphis. In his return for 1945 the petitioner deducted an item of $770 representing approximately $138 for railroad fare for his wife and child on the trip from Memphis, and approximately $25 per week as his cost of room and meals in California between the time of his arrival and the time when his family joined him. In his return for 1945 petitioner also deducted an item of $200, representing his approximate cost of overalls and coveralls during the taxable year, and the cost of their laundering, together with the cost of work shoes at $8 a pair, which he bought every three months during the year. The overalls, coveralls and shoes used by petitioner in his work were not of a distinctive type and were not required by the employer but were voluntarily purchased by the petitioner for his convenience in the performance of his work and to save his other clothing. Opinion Petitioner's employment at Mare Island Navy Yards was of indefinite duration and his post of duty during that time was at Vallejo, California, the situs of those yards; consequently the amounts expended there for room and board *60 during his employment were personal living expenses and not deductible. Willard S. Jones, 13 T.C. 880; William W. Todd, 10 T.C. 655; John D. Johnson, 8 T.C. 303; Arnold P. Bark, 6 T.C. 851. Petitioner is, moreover, not entitled to the deduction of the cost of moving his family from Memphis, Tennessee, to California, as that was an expense not necessary to his employment in California. It was unquestionably a matter of personal satisfaction to him and, as such, a purely personal expense and not a business expense. Commissioner v. Flowers, 326 U.S. 465; John Lee York v. Commissioner, 160 Fed. (2d) 385; H. Willis Nichols, Jr., 13 T.C. 916. The overalls, coveralls and shoes worn by petitioner at work did not constitute a uniform or other clothing of a particular or distinctive type required by the employer. Their cost, together with the expense of laundering, represents personal expenses not deductible as ordinary and necessary business expenses under section 23 (a) (1) (A) of the Internal Revenue Code. Harry A. Roberts, 10 T.C. 581; affd. on other grounds, 176 Fed. (2d) 221; *61 Charles E. Cashman, 9 T.C. 761; Louis Drill, 8 T.C. 902. The petition assigned as error the action of respondent in disallowing certain other deductions by petitioner representing union dues, charitable contributions, etc., but an examination of the record shows that these deductions were allowed in full by respondent in determining the deficiency, which arises wholly from his disallowance of the two deductions of $770 and $200 hereinbefore discussed, together with an item the disallowance of which by respondent is not contested. Decision will be entered for the respondent.