**UNITED STATES of America,**
**Appellant,**

v.

**Sherrill O. and Doris M. WOODALL,**
**husband and wife, Appellees.**

**UNITED STATES of America,**
**Appellant,**

v.

**Glenn S. and Margaret H. MILLS, husband and wife, Appellees.**

United States Court of Appeals
Tenth Circuit.

May 6, 1958.

Karl Schmeidler, Department of Justice, Washington, D. C. (John N. Stull, Acting Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Department of Justice, Washington, D. C., and James A. Borland, U. S. Atty., Albuquerque, N. M., on the brief), for appellant.

John P. Dwyer, Albuquerque, N. M. (Virgil L. Brown, Albuquerque, N. M., on the brief), for appellees.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

These two cases, with independent factual backgrounds, but presenting identical legal questions, have been consolidated for disposition. They present two interrelated issues: (1) whether an amount received by an employee as reimbursement for the costs of relocating himself and his family at the place of his new employment is gross income for income tax purposes; and (2) whether such costs are deductible business expenses.

In April, 1954, while otherwise employed at Dallas, Texas, the plaintiff Woodall accepted employment with the Sandia Corporation which would be performed at Albuquerque, New Mexico. In the contract of employment Sandia agreed that Woodall would be reimbursed for certain expenses incurred in moving himself and his family from Dallas to Albuquerque. The reimbursement was conditioned upon Woodall's remaining in Sandia's employ for at least six months. Pursuant to this contract, after his arrival in Albuquerque, Woodall was paid the sum of $592.28.[1]

During the year 1953 the plaintiff Mills, while an engineering student at the University of Kentucky, accepted employment with the Sandia Corporation with the understanding that his relocation expenses would be paid in the same manner as those of Woodall. After arrival in Albuquerque he submitted a voucher for such expenses and was paid the sum of $446.67.

Neither of the plaintiffs reported these reimbursements as income in their tax returns. The Commissioner subsequently determined deficiencies against them, which they paid. Each filed a claim for refund and then brought an action to recover the amount of the deficiency. The trial court found in each case that the reimbursement of relocation expenses was one of the conditions of the offer and acceptance of employment; that Sandia Corporation did not intend that the reimbursement would constitute compensation; and that no gain or profit was realized by the plaintiffs by virtue of this reimbursement. The court concluded that the amounts reimbursed for actual travel and moving expenses incurred did not constitute income to the plaintiffs within the meaning of Section 22, Internal Revenue Code 1939, 26 U.S.

1. Sandia Corporation was in need of professional engineers and other technically trained employees to work in Albuquerque, New Mexico. It conducted extensive recruiting programs in other areas and at various universities to take care of its needs. As an inducement for the acceptance of employment, the corporation offered to reimburse the newly hired employees for expenses which they incurred in moving to Albuquerque. This was in addition to the agreed salary. The allowance included the cost of moving 7,500 pounds of household goods, hotel and meals en route, and 6¢ per mile for automobile travel.

C.A. § 22, or Section 61, Internal Revenue Code 1954, 26 U.S.C.A. § 61. Furthermore, the trial court held that these items were ordinary and necessary expenditures incurred during the taxable year in carrying on a trade or business, and deductible under the provisions of Section 23, Internal Revenue Code 1939, 26 U.S.C.A. § 23, or Section 161 et seq., Internal Revenue Code 1954, 26 U.S.C.A. § 161 et seq. We agree with the contention of the United States, that payments such as those received in these cases are income within the meaning of the Internal Revenue Code, and that the expenses incurred here are not expenditures for which deductions may be taken in computing income taxes.

■■■ With enumerated exceptions, Section 22(a) of the 1939 Code, and Section 61(a) of the 1954 Code, provide that all income derived from any source is gross income.[2] It has been repeatedly held that by the comprehensive statutory definition, Congress intended "to tax all gains except those specifically exempted", and a liberal construction should be given to the broad statutory provisions in recognition of this intention. Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 430, 75 S.Ct. 473, 99 L.Ed. 483; Commissioner of Internal Revenue v. Jacobson, 336 U.S. 28, 49, 69 S.Ct. 358, 93 L.Ed. 477;[3] Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 55 S.Ct. 50, 79 L.Ed. 211; United States v. Robertson, 10 Cir., 190 F.2d 680, affirmed 343 U.S. 711, 72 S.Ct. 994, 96 L.Ed. 1237; Duran v. Commissioner, 10 Cir., 123 F.2d 324. The law is settled that the statutory definition of gross income "is broad enough to include in taxable income any economic or financial benefit conferred on the employee as compensation, whatever the form or mode by which it is effected". Commissioner of Internal Revenue v. Lo Bue, 351 U.S. 243, 247, 76 S.Ct. 800, 803, 100 L.Ed. 1142; Commissioner of Internal Revenue v. Glenshaw Class Co., supra; Commissioner of Internal Revenue v. Smith, 324 U.S. 177, 181, 65 S.Ct. 591, 89 L.Ed. 830, rehearing denied 324 U.S. 695, 65 S.Ct. 891, 89 L.Ed. 1295; Choteau v. Burnet, 283 U.S. 691, 694, 51 S.Ct. 598, 75 L.Ed. 1353.

One of the conditions which induced taxpayers to accept employment was that their moving expenses to the place where they would be employed would be paid by the employer. While it is true that there was no gain or profit from the payments to the taxpayers, it cannot be denied that they received an economic and beneficial gain. Had the expenses not been paid by the employer, the burden would necessarily have been on the taxpayers. The payment was in the nature of a cash bonus as an inducement to accept employment. As a matter of law, these payments are no different than had Sandia given the taxpayers cash to pay outstanding obligations, or for the payment of living expenses for a specified period after their arrival in Albuquerque. The form of payment, to constitute income, is immaterial. The statute explicitly declares that gross income shall include compensation for personal services of whatever kind and in whatever form it is paid. Commissioner of Internal Revenue v. Smith, supra; United States v. Joliet & C. R. Co., 315 U.S. 44, 49, 62 S.Ct. 442, 86 L.Ed. 658;

---

2. Section 22(a) defines "gross income" as including "gains, profits, and income derived from * * * compensation for personal service, * * * of whatever kind and in whatever form paid * * ". The definition of gross income was simplified in the 1954 Code, but there was no change intended in the all-inclusive effect of the statute. Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483.

3. In Commissioner of Internal Revenue v. Jacobson, 336 U.S. 28, 49, 69 S.Ct. 358, 369, 93 L.Ed. 477, the court said: "The income taxed is described in sweeping terms and should be broadly construed in accordance with an obvious purpose to tax income comprehensively. The exemptions, on the other hand, are specifically stated and should be construed with restraint in the light of the same policy."

Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918. These payments come within the statutory description of gross income.

We think that it is equally well settled that the expenditures are not deductible expenses under Section 22(n) and Section 23(a) of the Internal Revenue Code of 1939, or Section 62(2) and and Section 162 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 62(2), 162. Both taxpayers testified that the reasons which motivated them to accept employment with Sandia Corporation were personal. The expenditures had no relation to any service which was being performed for the employer. It has been said that "The job, not the taxpayer's pattern of living, must require the travel" for the expenses therein incurred to be deductible under the statute. Commissioner of Internal Revenue v. Peurifoy, 4 Cir., 254 F.2d 483; Carragan v. Commissioner, 2 Cir., 197 F.2d 246, 249. See also Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203; Barnhill v. Commissioner, 4 Cir., 148 F.2d 913, 159 A.L.R. 1210. Before one can deduct travel expense it must be shown that the expense was reasonable and necessary, incurred while away from home, and in the pursuit of business. That is, the travel expense must have a direct connection with the carrying on of the trade or business of the taxpayer or his employer. It must be necessary or appropriate to the development and pursuit of the business or trade. Commissioner of Internal Revenue v. Flowers, supra. See also Hotel Kingkade v. Commissioner, 10 Cir., 180 F.2d 310; Knight-Campbell Music Co. v. Commissioner, 10 Cir., 155 F.2d 837; Hales-Mullaly, Inc. v. Commissioner, 10 Cir., 131 F.2d 509. Furthermore, the Treasury Department has distinguished between expenses incurred to obtain employment and those incurred in the course of employment. Treasury Regulation 118, § 39.23(a)–15(f). See also McDonald v. Commissioner, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68.

While it may appear to be equitable that expenses incurred in seeking and obtaining employment, or in traveling to the place of employment, should be treated as though they had been incurred in the performance of one's duty as an employee, it has, nevertheless, been long recognized that deductions are matters of legislative grace, allowable only when there is a clear provision for them, and do not turn upon equitable considerations. McDonald v. Commissioner, supra; Deputy v. du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348. What should be allowed as an expense deduction is a matter of policy for Congress, not the Courts.

Reversed.