*Decisions will be entered under Rule 50.*

JOHN E. CAVANAGH AND MARY ADELE CAVANAGH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83525. Filed May 18, 1961.

*John E. Cavanagh*, pro se.
*Cyrus A. Johnson, Esq.*, for the respondent.

WITHEY, *Judge:* A deficiency in income tax has been determined by respondent against the petitioners with respect to the taxable year 1956 in the amount of $518.76.

One of the issues raised by the pleadings has been conceded by petitioners. The only remaining issue is whether the respondent has erred in including in petitioners' gross income for that year amounts paid by Lockheed Aircraft Corporation for the transportation of their family and household belongings from Washington, D.C., to Burbank, California, and an amount paid by said corporation for the additional expense of living occasioned by petitioner's transfer to the latter city.

### FINDINGS OF FACT.

The facts which have been stipulated are so found.

Petitioners are husband and wife living in Los Altos, California. They filed their joint income tax return for 1956 with the district director of internal revenue at Los Angeles, California. Petitioner, as hereinafter used, has reference only to the husband, John E. Cavanagh.

Prior to May 1956, petitioner was an attorney at law and employed regularly in that capacity in Washington, D.C., by the Department of the Army. Petitioner's residence was in Alexandria, Virginia. In

May or June of that year petitioners were expecting the birth of a child, which event actually occurred on May 29, 1956.

Prior to April 4, 1956, petitioner had discussed with a representative of Lockheed Aircraft Corporation the possibility of his accepting work with that concern as an attorney, the employment to be in Burbank, California. Lockheed was informed that petitioner would not leave his home in Alexandria, Virginia, until July 1, 1956, a time sufficient to permit the birth of his child prior to the transfer of his family. By correspondence Lockheed made a specific offer of employment in Burbank to begin July 1, 1956, and on April 12 of that year petitioner accepted the offer by letter. Lockheed's offer included the payment of the expense of transporting petitioner, his family, and household effects to Burbank and the payment of additional living expense occasioned by the change of residence.

From April 12, 1956, to May 21, 1956, petitioner continued to work for the Department of the Army in Washington. Between those dates Lockheed offered to employ petitioner in its Washington, D.C., office beginning as soon as possible in order that he might become acquainted with the operation thereof and thus aid him in the performance of his services for Lockheed upon his transfer to Burbank, which was to be on the date previously agreed upon, July 1, 1956, and under the same provisions for payment of fare and freight and extraordinary living expense of the family. Petitioner accepted this offer also and commenced regular employment in Lockheed's Washington office on May 21, 1956, and continued such employment in Washington until approximately June 27, 1956, when he, his family, and household effects were transferred to Burbank as agreed. Ten to 15 days were required for the delivery of petitioner's household effects to his place of residence in that city.

Lockheed paid directly to the transporters $1,398.51, representing the fare for petitioner's family and the freight cost respecting his household goods. In addition, it paid to petitioner the amount of $280 for living costs incurred by him which were in excess of the ordinary living expenses of his family while his household effects were in transit.

OPINION.

Petitioners have not included any of the amounts so paid by Lockheed in their gross income for 1956, their contention being that such amounts do not constitute gross income to them under section 61 of the Internal Revenue Code of 1954. Respondent contends that such amounts do constitute gross income under that section because they were paid to or in behalf of petitioners to defray their personal living expenses which are nondeductible under section 262.

There is no provision of the Internal Revenue Code of 1954 specifically requiring the inclusion in gross income of such payments as those

here involved nor is there any provision specifically providing for the exclusion or deduction thereof. There is however a ruling by respondent with respect to the exclusion from gross income of transportation expenses paid by an employer to or in behalf of an employee where such transportation is required for the convenience of the employer, Rev. Rul. 54–429, 1954–2 C.B. 53, wherein respondent has ruled, in part, as follows:

> Accordingly, it is concluded that (1) amounts received by an employee from his employer representing allowances or reimbursements for moving himself, his immediate family, household goods and personal effects, in case of a transfer in the interest of his employer, from one official station to another for permanent duty, do not represent compensation within the meaning of section 22(a) of the Code, and are not includible in the gross income of the employee if the total amount of the reimbursement or allowance is expended for such purposes * * *

With the exception hereinafter discussed, we think the above ruling is sound and has persuasive effect here. There is no dispute here as to the amounts paid by the employer or that such payments were for the transportation of petitioner, his family, and his household goods. Although not specifically so stipulated, we construe the agreed facts to be that petitioner actually expended $280 in extraordinary living costs while his household equipment was in transit and that Lockheed reimbursed him for such expense. There is no contention here that the latter expense was unreasonable in amount. There is no dispute here either with respect to the fact that petitioner was employed by Lockheed for a period in excess of 5 weeks prior to his transfer to Burbank. Respondent contends the above-quoted portion of his ruling has no application to the instant facts because (1) petitioner was a new employee, (2) his employment by Lockheed prior to his transfer to Burbank was temporary and thus does not fall within the ambit of "a transfer * * * from one official station to another for permanent duty," and (3) his transfer after beginning his employment was for his own convenience, not that of his employer. We think it is clear that he errs.

At the outset we find no language in the ruling requiring transfer from a *permanent* as distinguished from a *temporary* station of employment to another as a criterion for exclusion of transportation expenses from gross income. The first employment must be at a station which is "official." Indeed, had the word "temporary" been so used, we cannot find that petitioner was only temporarily employed by Lockheed prior to his transfer. On the contrary, it clearly appears from the record that he began regular employment in his employer's Washington place of business in excess of 5 weeks prior to his transfer. The mere fact that at the time of beginning of his employment there was a known date at which he was to render his services in Burbank does not force the conclusion that the former period was temporary.

In any event, whether temporary or not, such a factor is not a conclusive criterion especially where, as here, the employee was actually performing the duties for which he was employed at a place where his employer regularly carried on business and it is shown that the beginning employment was not merely for the purpose of making unnecessary the inclusion in the employee's income of such payments and reimbursements.

We are also unable to conclude that an employee who has performed regular services for his employer for in excess of 5 weeks, as is the case here, is a "new" employee as that term is used by the Court of Appeals for the Tenth Circuit in its disposition of an issue similar, but not the same as, the issue before us, *United States* v. *Woodall*, 255 F. 2d 370 (1958). The facts in that case involve prospective employees who were transported to a prospective place of employment at their prospective employer's expense before beginning to render services. There the taxpayers were required to be at a given location in order to gain employment, while here the petitioner was already employed before his transfer. It is fair to conclude from this record that petitioner was willing to stay in Washington to carry on his work or after July 1, 1956, to either stay in Washington or move elsewhere at the request of Lockheed. See also *Hedberg* v. *United States*, —— F. Supp.——(W.D. Wash., Mar. 10, 1961). He was not such a "new" employee.

It is true, as petitioner readily concedes, that his employment by Lockheed in its Washington office was a personal convenience to him and his family, but that fact does nothing to expunge the more pertinent fact that the *transfer* was not only for the convenience of his then employer, but specifically directed and required by it. It is not a question whose convenience was served *by petitioner staying in Washington*, but rather whether his employer's convenience was primarily served *by his removal to Burbank*. Petitioner would have been transferred at Lockheed's expense, it is true, whether he was employed prior to July 1 or not, but such transfer after his employment commenced on a basis permanent in nature and being at the direction of his employer, such expense is to be regarded as the employer's and not as reimbursement for the personal living costs of petitioners.

With respect to the $280 reimbursement to petitioner of his excess cost for the food and lodging of his family while his household effects were in transit, the following language from the above-cited ruling is claimed by respondent to prevent the exclusion thereof from income:

Amounts received as allowances or reimbursements for meals and lodging of the employee and his family while awaiting permanent quarters at the new post of duty are includible in gross income of the employee. [Rev. Rul. 54–429, *supra* at 54.]

We agree that to the extent such reimbursements defray the ordinary and necessary food and lodging costs of an employee they represent payment of an *employee's* living expense and are income to him, but to the extent such reimbursements defray only reasonable and necessary extraordinary food and lodging expense required to be incurred by the employer, they represent repayment to the employee of an amount he has first paid for and in behalf of his employer and do not constitute income to him. They are the employer's costs, not the employee's. To the extent the above ruling would require the inclusion in income of reimbursement for such extraordinary food and lodging costs, it is not a correct interpretation of section 22(a) or section 24(a) of the 1939 Code or sections 61(a) and 262 of the 1954 Code. The prohibition against the deduction of personal living expenses has reference only to such expenses as are ultimately chargeable to the taxpayer. It has no applicability to such expenses properly chargeable to another which the taxpayer pays and for which he is reimbursed.

Section 119 of the Internal Revenue Code of 1954 [1] would, when literally read, require inclusion in income of the $280 reimbursement here at issue, but examination of its legislative history [2] indicates clearly that such is not its effect. It is obviously intended by Congress that consideration of employment contracts and State laws which on their face make the value of meals and lodging furnished an employee by his employer on the employer's premises compensatory in nature shall not be permitted in determining the question whether or not the value of such meals and lodging are excludible from the income of the employee. The section has to do only with the value of meals and lodging furnished in kind by the employer, such as meals and lodging furnished a hotel employee required to live on the employer's business premises. Section 119 construed as literally worded would have the effect of amending section 162(a)(2) which provides for the deduction from gross income of "travel expenses (including the entire amount expended for meals and lodging) while [an employee is] away from home in the pursuit of a trade or business." Nowhere has

---

[1] SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER.

There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

(1) in the case of meals, the meals are furnished on the business premises of the employer, or

(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing the terms of employment shall not be determinative of whether the meals or lodging are intended as compensation.

[2] H. Rept. No. 1337, 83d Cong., 2d Sess., p. A33 (1954), and S. Rept. No. 1622, 83d Cong., 2d Sess., p. 190 (1954), on H.R. 8300 which became the Internal Revenue Code of 1954.

Congress indicated any such amendatory intent and we do not think a repeal or amendment of the latter section by implication was intended. Section 119 has no application to the facts presented here. The $280 reimbursement paid to petitioner by Lockheed is not income to him.

We find for the petitioner with respect both to the transportation of his family and household effects and the reimbursement for extraordinary cost of food and lodging.

Because of the issue raised by the pleadings which has been conceded—

*Decision will be entered under Rule 50.*

Reviewed by the Court.

———

TIETJENS, *J.*, dissenting: I do not think the fact that the taxpayer here accepted employment first in Lockheed's Washington office with the understanding he would be moved at company expense within a few weeks to Burbank, distinguishes this case from *United States* v. *Woodall*, 255 F. 2d 370, certiorari denied 358 U.S. 824, or *Hedberg* v. *United States,* —— F. Supp. —— (W.D. Wash., Mar. 10, 1961). From all that appears, the employment in Washington was an interim arrangement primarily to allow time for the taxpayer's wife to give birth, albeit the taxpayer was thereby given an opportunity to learn something of his employer's operation. This should not keep the taxpayer from being a new employee at Burbank and I think the expenses of moving there were reimbursed personal expenses and properly includible in gross income.

TURNER and OPPER, *JJ.*, agree with this dissent.