WALTER H. MENDEL AND LILLIAN MENDEL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 92537.   Filed October 10, 1963.

Walter H. Mendel and Lillian Mendel, pro se.
*Douglas O. Tice* and *Marion B. Morton,* for the respondent.

OPINION

Petitioner offered no evidence to show the total amount expended for the support of either Ralph or Stephen for either the year 1957 or

1958. The substance of petitioner's testimony at the trial was that he had made a diligent effort to obtain information as to the total amount expended for the support of Ralph and Stephen for the years 1957 and 1958 and for other years but that he had not been able to get this information. He testified that he knew of no serious illnesses that either of the boys had during either the year 1957 or 1958, that they attended public schools, that they were dressed modestly when he saw them, and that he could not understand why their support would be in excess of the amount he paid.

Petitioner testified that he did not know the amount of Gisela's income in 1957 and 1958. Petitioner's primary argument is that it is unreasonable to believe that the support of either Ralph or Stephen for either the year 1957 or 1958 would be in excess of the amount he paid.

Petitioner's situation is a difficult one. The boys lived with Gisela and petitioner did not know the total amount expended for their support. However, this does not relieve petitioner of his burden of proving that he contributed more than one-half of the support of Ralph in 1957 and Stephen in 1958. Gisela was not called as a witness. Whether petitioner felt that he would not obtain the desired information if she were called or whether the expense connected with subpoenaing her deterred his having her testify is not shown. Because of petitioner's failure to prove the total cost of the support of Ralph in 1957 and Stephen in 1958 and to prove that the amount expended by him in their support was more than one-half of their total support, we sustain respondent in the disallowance of the exemption claimed by petitioner for Ralph in 1957 and for Stephen in 1958. Cf. *Bernard C. Rivers*, 33 T.C. 935 (1960).

Respondent makes no contention that the total amount expended by petitioner of $558.99 was not expended in connection with petitioner's move from Newark to Richmond but in fact has stipulated that these expenses were incurred in "making the move from Newark to Richmond." While respondent did not agree with petitioner that the amount of their moving expenses was reasonable, the evidence offered by petitioner clearly establishes that it was. Petitioner's explanation of why reasonable and necessary expenses of his move exceeded the allowance he received from the Veterans Administration is that costs in connection with transporting and handling of personal effects had increased shortly prior to his move whereas the allowance for such expenses by the Veterans Administration was not increased until a time somewhat subsequent to his transfer. This explanation was a statement made by petitioner in his argument and has not been proven as a fact. However, we do not consider the reason why the allowance was less than petitioner's actual expenses to be crucial since the evi-

dence does show that the amounts expended by petitioner were reasonable and were necessary in order to make the move and transport his household effects, his scientific books, and himself and his wife. It is clear from the evidence that petitioner did not request the transfer and the transfer was made solely for the convenience of the Veterans Administration. In his opening statement at the trial petitioner stated that it was necessary for him to accept the transfer in order to continue his employment with the Veterans Administration and that he did not desire the transfer. It is respondent's position that even though petitioner's retention of his employment with the Veterans Administration depended on his accepting the transfer from Newark to Richmond, nevertheless the expenses of moving his household effects and wife from Newark to Richmond were personal expenditures resulting from his desire to have his household effects and his wife in Richmond with him. Respondent relies on *Darrell Spear Courtney*, 32 T.C. 334 (1959); *H. Willis Nichols, Jr.*, 13 T.C. 916 (1949); *Light* v. *Commissioner*, 310 F. 2d 716 (C.A. 5, 1962), affirming a Memorandum Opinion of this Court; *York* v. *Commissioner*, 160 F. 2d 385 (C.A.D.C., 1947), affirming a Memorandum Opinion of this Court; and cases of similar import. Each of these cases holds that the expenses of transporting household effects and a taxpayer's family from one post of duty to another are personal and not business expenses. In *H. Willis Nichols, Jr., supra*, it is pointed out that such expenses have nothing to do with the performance of the official duties of a taxpayer but result in a source of personal satisfaction and personal convenience in having his family living at his post of duty. Respondent calls attention to the fact that he has not required that petitioner include in his income the $316 reimbursed to him by the Veterans Administration and in support of this action cites Rev. Rul. 54–429, 1954–2 C.B. 53. In *John E. Cavanagh*, 36 T.C. 300 (1961), we quoted the portion of Rev. Rul. 54–429, *supra*, which states:

Accordingly, it is concluded that (1) amounts received by an employee from his employer representing allowances of reimbursements for moving himself, his immediate family, household goods and personal effects, in case of a transfer in the interest of his employer, from one official station to another for permanent duty, do not represent compensation within the meaning of section 22(a) of the Code, and are not includible in the gross income of the employee if the total amount of the reimbursement or allowance is expended for such purposes * * *

In *John E. Cavanagh, supra*, we stated that "With the exception hereinafter discussed, we think the above ruling is sound and has persuasive effect here." No issue was involved in *John E. Cavanagh, supra*, with respect to cost for moving household effects in excess of the amount paid by the employer.

It has been held in numerous cases that amounts paid by an employer in discharge of personal expenses of an employee are includable in the gross income of the employee under the definition of gross income contained in section 22(a) of the Internal Revenue Code of 1939 and section 61(a) of the Internal Revenue Code of 1954. See *Woodall* v. *United States*, 255 F. 2d 370, 372 (C.A. 10, 1958), and cases there cited, with particular reference to footnote 2 in which attention is directed to the fact that although the definition of gross income was simplified in the Internal Revenue Code of 1954 there was no change intended in the all inclusive effect of the statute citing *Commissioner* v. *Glenshaw Glass Co.*, 348 U.S. 426.[1] We believe that a corollary to the soundness and persuasive effectiveness of Rev. Rul. 54–429 which we accepted in *John E. Cavanagh, supra,* is an inherent assumption in that ruling that reasonable amounts expended by a permanent employee in moving his family and personal effects in a transfer from one permanent post of duty to another are not personal expenses. If such amounts constituted personal expenses, amounts received in reimbursement therefor would be includable in the income of the taxpayer. *Light* v. *Commissioner, supra.* Cf. *Willis B. Ferebee*, 39 T.C. 801 (1963). If amounts expended by a taxpayer in moving from one permanent post of duty to another are not personal expenses, they are for the purpose of the taxpayer's business as an employee since the cause of the move is business requirements. Ordinary and necessary business expenses are deductible by an employee who itemizes his deductions on his income tax return. Of course business expenses for which reimbursements are received from the employer cannot be deducted unless the amount of the reimbursements has been included in the taxpayer's income. The clear inference from our holding in *John E. Cavanagh, supra,* is that the entire amount of the expenses paid by an employee in moving from one permanent duty station to another is deductible to the extent that the amount expended is ordinary and necessary to accomplish the move and that this may be accomplished either by not including the reimbursed amount in income or by including the reimbursed amount in income and deducting the total amount expended. In the instant case it appears from the record that petitioner has not included the $316 which he received from the Veterans Administration as reimbursement for his moving expenses in his 1957 income as reported.

We hold that petitioner is entitled to deduct in the year 1957 the amount of $242.99, which represents the amount of his ordinary and necessary expenses of moving his household effects, himself, and his

---

[1] SEC. 61(a) [I.R.C. 1954]. GROSS INCOME DEFINED.

(a) GENERAL DEFINITION.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

wife from Newark, N.J., to Richmond, Va., which were not reimbursed to him by the Veterans Administration.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

DAWSON, *J.*, concurs in the result.

---

TIETJENS, *J.*, dissenting: I disagree with the majority on the moving expense issue. The question is simply whether such expenses are deductible. There is no question here about whether reimbursement of an employee by an employer for the expenses of moving are or are not includable in income. The conclusion of the majority, as I see it, flies in the face of our decision in *H. Willis Nichols, Jr.*, 13 T.C. 916, and what the Court of Appeals said in *Woodall* v. *United States*, 255 F. 2d 370, 373, in holding such expenditures not to be allowable as deductions. I would follow those decisions.

PIERCE and ATKINS, *JJ.*, agree with this dissent.

---

DRENNEN, *J.*, dissenting: With all due respect I think the majority opinion in this case will simply add more confusion to this already confused problem of the taxability of reimbursed, and the deductibility of unreimbursed, moving expenses of employees.

The opinion makes no finding that the unreimbursed portion of petitioner's moving expense was an ordinary and necessary business expense of the taxpayer-employee, except by an assumption, based on our decision in *John E. Cavanagh*, 36 T.C. 300 (1961), that because the taxpayer there was not required to include in his income reimbursements of moving expenses they could not be personal living expenses and therefore must be expenses of taxpayer's business as an employee. But this assumption flies directly in the face of *H. Willis Nichols, Jr.*, 13 T.C. 916 (1949), and the other cases cited in the majority opinion, which hold that the expenses of moving a taxpayer's family and household effects from one post of duty to another are personal and not business expenses, and are therefore not deductible.

Furthermore, I do not think the conclusion reached in *Cavanagh* requires or necessarily supports this assumption. The issue in *Cavanagh* was the includability of reimbursed expenses in taxpayer's income. We found that the expenses involved were incurred for the convenience of the employer and being of no benefit to the employee were expenses of the employer and not income to the employee. If the expenses assumed by an employer, either by direct payment thereof or by reimbursement of the employee, in moving an employee, his family, and personal effects from one post of duty to another, are of

no economic or financial benefit to the employee and are not compensatory in nature, but are for the convenience and benefit of the employer, I see no reason why they need be included in the income of the employee. This is a question that may have to be decided on the facts of each case. But I do not think it necessarily follows that the employee may deduct his unreimbursed expenses of moving himself, his family, and his personal effects from one post of duty to another except to the extent that he can show independently that such expenditures are either an ordinary and necessary expense of his business as an employee so as to be deductible under section 162(a) of the Code, or are deductible under some other section of the Code. Personal living expenses, which these would appear to be unless proven otherwise, are specifically made not deductible under section 262 of the Code.

PIERCE and HOYT, *JJ.*, agree with this dissent.