Donald W. Haney and Joyce S. Haney v. Commissioner.
Haney v. Commissioner
Docket No. 1274-64.
United States Tax Court
T.C. Memo 1966-10; 1966 Tax Ct. Memo LEXIS 273; 25 T.C.M. (CCH) 41; T.C.M. (RIA) 66010; January 12, 1966
*273 In 1961 petitioner Donald W. Haney was employed by Lockheed Aircraft Corporation in San Jose, California. In June of that year he accepted employment by Fairchild Stratos Corporation and the following month moved to Hagerstown, Maryland. He was reimbursed in 1961 by Fairchild Stratos Corporation for the cost of moving his family's household possessions and the travel expenses of him and his family from San Jose to Hagerstown. Held, the amount of such reimbursements constituted taxable income to the petitioners. Donald W. Haney, pro se, 2302 Julie Lane, Laurel, Md. George K. Dunham, for the respondent. *274 TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioners' [1] income tax for the calendar year 1961 in the amount of $86.96, representing tax due on the sum of $328 paid to Donald Haney (hereinafter referred to as petitioner) by his new employer, Fairchild Stratos Corporation, as reimbursement for the expenses of travel for him and his family from San Jose, California, to Hagerstown, Maryland. Petitioner asserts that such reimbursement did not constitute taxable income and further asserts a claim for refund of $401, representing the amount of his 1961 income tax attributable to his inclusion in income of $1,542.09, such amount constituting reimbursement for the expense of moving household effects from San Jose to Hagerstown. The sole issue in this case is the includability in petitioners' income for 1961 of the aforesaid reimbursements. Findings of Fact Some of the facts herein have been stipulated. The stipulation of facts and the exhibits attached *275 thereto are incorporated herein by reference. Petitioners are husband and wife who at the close of 1961 resided at 333 Laurel Avenue, Laurel, Maryland. They filed a joint Federal income tax return for that year with the district director of internal revenue, Baltimore, Maryland. From July 1960 until sometime in July 1961, petitioners resided in San Jose, California. During this period petitioner Donald W. Haney was employed by Lockheed Aircraft Corporation (hereinafter referred to as "Lockheed"). In June 1961 petitioner travelled to Hagerstown, Maryland, for an interview with representatives of Fairchild Stratos Corporation (hereinafter referred to as "Fairchild") to discuss possible employment by that company. He received reimbursement in the amount of $303 as travel expense in connection with this interview, which respondent concedes does not constitute taxable income. On June 20, 1961, Fairchild wrote to petitioner offering to employ him as a design specialist at the offices of the company in Hagerstown. Among other things, the offer of employment specified that petitioner would be reimbursed for the expenses of moving his family by automobile from San Jose to Hagerstown *276 and for the expenses of moving household goods up to a maximum of 8,000 pounds. On June 26, 1961, petitioner accepted Fairchild's offer of employment. On the same date, petitioner submitted his resignation to Lockheed effective on or about July 8, 1961. Petitioner reported for work at Hagerstown on or about July 17, 1961. Between June 26, 1961 and July 8, 1961, petitioner interviewed one Charles E. Reddock with regard to possible employment of Reddock by Fairchild. Petitioner was not requested by Fairchild or anyone acting on its behalf to discuss possible employment with Reddock. Reddock subsequently accepted an offer of employment in Hagerstown by Fairchild. During this period, petitioner also phoned one Hal Story regarding possible employment of Story by Fairchild; he was not requested to make this contact by Fairchild or anyone acting on its behalf. After petitioner's arrival in Hagerstown, one Foley, whom he had known at Lockheed, was invited to visit Hagerstown for an employment interview. Foley was offered employment by Fairchild but declined the offer. Petitioner was at no time requested by Fairchild or anyone acting on its behalf to discuss employment with Foley. *277 In July 1961 petitioner and his family moved from San Jose to Hagerstown. The cost of moving their household possessions from San Jose to Hagerstown was $1,542.09. In 1961 Fairchild reimbursed petitioner for this expense, and petitioner included such sum as income in his Federal income tax return for that year. Petitioner incurred travel expenses for himself and his family from San Jose to Hagerstown for lodging, gas, transportation of luggage, etc., in the amount of $328. In 1961 Fairchild reimbursed petitioner for this expense. Petitioner did not report this amount on his return for the year 1961. Opinion Petitioner claims that the amounts received by him as reimbursement for the expense of moving his family's household possessions and for the travel expenses of himself and his family from San Jose to Hagerstown do not constitute taxable income. It is possible that if we were now faced for the first time with the issue of taxability to a new employee of reimbursed moving expenses we would decide in favor of petitioner. But, unfortunately for petitioner, the pattern for our decision has already been charted by prior decisions, holding such reimbursed amounts to be payable. *278 Koons v. United States, 315 F. 2d 542 (C.A. 9, 1963); United States v. Woodall, 255 F. 2d 370 (C.A. 10, 1958), certiorari denied 358 U.S. 824; Willis B. Ferebee, 39 T.C. 801 (1963); Alan J. Vandermade, 36 T.C. 607 (1961). Nor is section 217 of the Internal Revenue Code of 1954 (added by the Revenue Act of 1964, Pub. L. 88-272, 78 Stat. 19), which allows a deduction for moving expenses of the type involved herein, of any assistance to petitioner. In enacting this legislation, Congress recognized that the then-existing law regarding the tax treatment of moving expenses discriminated unfairly between existing employees transferred to other locations and new employees. H. Rept. No. 749, 88th Cong., 1st Sess., p. 59 (1963); S. Rept. No. 830, 88th Cong., 2d Sess., p. 71 (1964). The section, however, deals exclusively with deductions and its legislative history indicates that it does not permit an employee to exclude from gross income any reimbursement not properly excludable under existing law. H. Rept. No. 749, supra, at A-60; S. Rept. No. 830, supra, at 71, 219. Even if we treat petitioner's claim *279 as one for an offsetting deduction of the moving expenses against the amount of the reimbursement includable in gross income, he cannot prevail. Over 40 years ago the predecessor of this Court held that an employee may not deduct the costs of a move necessitated by his entering upon a new employment. Baxter D. McClain, 2 B.T.A. 726 (1925); see Rev. Rul. 54-429, 1954-2 C.B. 53. Nor does section 217 change the situation, since Congress chose to limit the applicability of that section to expenses incurred after December 31, 1963. Pub. L. 88-272, supra; sec. 213(d). Under such circumstances, we have no choice but to follow the well-settled rule. Petitioner seeks to avoid the impact of previous decisions by asserting that he entered the employment of Fairchild at San Jose in June 1961 and, in connection with that employment, carried out recruiting responsibilities prior to his transfer to Hagerstown. In so doing, he seeks to bring himself within the ambit of John E. Cavanagh, 36 T.C. 300 (1961), nonacq. 1962-2 C.B. 6, where we found that the taxpayer had begun employment in Washington, D.C., five weeks before he was transferred *280 by his employer to Burbank, California, with the result that the employer's reimbursement of his moving expense was excludable from gross income. We are unable to find support for petitioner's position even on the basis of the slender reed provided by our decision in Cavanagh. Fairchild's offer of employment to petitioner clearly specified that his work would be as a design specialist and that the place of employment would be Hagerstown. During the period when petitioner was carrying out his alleged recruiting responsibilities with Fairchild in California, he was actually employed and paid by Lockheed. There is not a shred of evidence that the alleged recruiting responsibilities were in any way authorized, requested, or instigated by Fairchild. Nor is there any evidence that Fairchild at any time made any payments to petitioner other than the reimbursements discussed herein or other than for services. Finally, petitioner claims that the subjection of the reimbursement to the Federal income tax violates the United States Constitution. None of the constitutional provisions upon which he relies have any bearing on the issue involved herein. The "export clause" of the Constitution (Article *281 I, Section 9, Clause 5) relied upon by the petitioner applies only to direct taxes and then only where a foreign country is involved, as cases cited by petitioner held. United States v. Hvoslef, 237 U.S. 1 (1915); Thames & Mersey Ins. Co. v. United States, 237 U.S. 19 (1915). Petitioner, in his pleadings, also made some reference to having been deprived of the right to due process under the 5th Amendment. He has not pressed this point on brief and, in any event, he was given ample opportunity to present his case before this Court. Petitioners' motions concerning the record of the hearing and the jurisdiction of the Court in this proceeding are denied. Decision will be entered for the respondent. Footnotes
1. Joyce S. Haney is a petitioner herein only by virtue of having filed a joint income tax return with her husband, Donald W. Haney, for the year 1961.↩