William Porter v. Commissioner.
Porter v. Commissioner
Docket Nos. 2158-67, 2159-67.
United States Tax Court
T.C. Memo 1968-286; 1968 Tax Ct. Memo LEXIS 14; 27 T.C.M. (CCH) 1529; T.C.M. (RIA) 68286; December 12, 1968, Filed William Porter, pro se, 3212-A Liberty Rd., Hill Air Force Base, Utah. John Gigounas, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1963 and 1964 in the respective amounts of $132 and $141.06. The only issue for decision is whether petitioner is entitled to a dependency credit exemption for his minor daughter in each of the years here in issue. Findings of Fact Some of the facts have been stipulated and are found accordingly. *15 Petitioner is an individual whose legal residence at the date of the filing of the petitions in these cases was Hill Air Force Base, Utah. Petitioner and his former wife, Janet B. Porter, filed a joint Federal income tax return for the calendar year 1963 with the district director of internal revenue, St. Louis, Missouri. Petitioner filed a separate Federal income tax return for the calendar year 1964 with the district director of internal revenue, Salt Lake City, Utah. 1530 Petitioner is presently married and has been married twice before. There was a daughter, Loraine, born of the marriage of petitioner and his first wife, Jacqueline. Petitioner during each of the years here in issue contributed $80 a month or $960 a year toward the support of his daughter, Loraine, by having an allotment in that amount deducted from his salary as an Air Force officer and paid directly to Jacqueline. During the years 1963 and 1964 petitioner's daughter was eligible for military dependency benefits including comprehensive medical care. During the years 1963 and 1964 Loraine lived with Jacqueline in an apartment in a moderate neighborhood near Evanston, Illinois. Petitioner did not see Loraine *16 in 1963. He visited her on two different occasions in 1964 and on these occasions gave her some presents having a value not in excess of $50. Loraine attended public school during 1963 and 1964 and was moderately well dressed. Jacqueline was gainfully employed outside her home during each of the years 1963 and 1964. Jacqueline had a person living with her who served as a housekeeper and assisted with the care of Loraine. Petitioner claimed a dependency exemption for Loraine on his Federal income tax return for each of the years 1963 and 1964. Respondent disallowed the claimed exemption for each of these years with the explanation that the exemption in the amount of $600 is unallowable under the provisions of section 151, I.R.C. 1954[1], for the reason that Loraine did not receive over one-half of her support from petitioner. Opinion Section 151(a) and (e) provide for an exemption to a taxpayer of $600 for each dependent as defined in section 152. Insofar as here applicable, section 152 defines the term "dependent" as a daughter of the taxpayer over half of whose *17 support for the calendar year in which the taxable year of the taxpayer begins was received from the taxpayer. Petitioner recognizes that he is entitled to a dependency exemption for Loraine in either of the years here in issue only if he contributed over half of her support in that year. Petitioner also recognizes that he has the burden of proving that the amount he paid for Loraine's support in each of the years was over one-half of her support for that year. Petitioner stated that he was unable to show the total amount expended for Loraine's support in either of the years here in issue but that under the holding in Commissioner v. Mendel, 351 F. 2d 580 (C.A. 4, 1965), reversing 41 T.C. 32, he has shown that he contributed over one-half of his daughter's support if it is reasonable to assume from the amount he contributed and the manner in which his daughter lived that he did in fact contribute over one-half of her support. As we pointed out in James E. Stafford, 46 T.C. 515, 518 (1966), we do not interpret Commissioner v. Mendel, supra, as establishing any new rule for dependency exemption cases but merely as a recognition *18 of holdings of this Court that a taxpayer is not precluded from being entitled to the dependency exemption because he is unable to establish with exactitude the total amount expended for support of the claimed dependent. If a taxpayer is able to show by other evidence that the amount he furnished was over one-half of the support of the claimed dependent he is entitled to the exemption. Since petitioner has produced no evidence to show that his contribution of $960 in 1963 and $1,010 in 1964 toward the support of Loraine was over one-half of her total support for those years, he has failed to show that he is entitled to a dependency exemption for Loraine in either of those years. In the instant case, even if we accepted petitioner's estimates made without any actual proof of the cost of lodging, utilities, food and clothing for Loraine in each of the years 1963 and 1964 as totaling not in excess of $121.50 a month or $1,457 a year, we would not agree that petitioner had shown that he contributed over one-half of Loraine's support in either of these years. The record shows that Loraine's mother worked outside her home during each of the years 1963 and 1964 and had a person living *19 with her who served as housekeeper and assisted with Loraine's care. Petitioner testified that the person was a friend of Jacqueline's but stated that he "would presume that somehow she was given money." Any reasonable estimate of the amount Jacqueline paid for the care of Loraine while Jacqueline worked would, when added to the costs petitioner estimated for Loraine's food, 1531 clothing and shelter, including utilities, result in a total cost of support for Loraine in each of the years 1963 and 1964 over twice the amounts paid by petitioner in each of those years toward her support. Also, it is reasonable to assume that there would be items of support of Loraine other than those estimated by petitioner such as recreation, vacations, Scout dues or church contributions. We hold that petitioner has failed to show that he is entitled to the claimed dependency exemption for Loraine in either of the years 1963 or 1964. Because of a stipulation with respect to the payment of the deficiency for the year 1963 by petitioner "under protest", we are not clear as to whether there is now a deficiency due by petitioner for that year. Decision in Docket No. 2158-67 will be entered for *20 respondent. Decision in Docket No. 2159-67 will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩