# APPEALS DETERMINED

BY THE

# UNITED STATES BOARD OF TAX APPEALS.

## APPEAL OF BAKER, HAMILTON & PACIFIC CO.

Docket No. 349.　Submitted January 31, 1925.　Decided June 9, 1925.

Where assets have increased in value in the hands of an owner and are transferred to a corporation under circumstances rendering section 331 of the Revenue Act of 1918 applicable, and, on such reorganization, the assets are transferred for a mixed aggregate of capital stock and borrowed capital, full effect shall be given to the provisions of section 326 and section 331 so that both the increment in value shall be eliminated as provided by section 331, and the borrowed capital shall be eliminated as provided by section 326 of the Revenue Act of 1918.

*George E. Holmes, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This is an appeal from a deficiency letter mailed to the taxpayer on August 9, 1924, assessing additional taxes for the years 1918 and 1919, amounting to $34,707.58 and $47,067.20, respectively. The sole question involved is the construction of section 331 of the Revenue Act of 1918 and its application to the facts in the instant case. For the purpose of deciding the question of law involved, the parties have stipulated that the facts may be taken as set forth in the memorandum of transmittal from the Income Tax Unit to the Committee on Appeals and Review, dated March 23, 1924, subject to correction of the figures and computations should the Board sustain the action of the Commissioner. From the pleadings, the stipulation, including the memorandum therein referred to, and admissions made by counsel at the hearing, the Board makes the following

FINDINGS OF FACT.

Baker & Hamilton and the Pacific Hardware & Steel Co., two rival corporations engaged in the hardware business in the City of San

Francisco, Calif., dealing at arm's length, agreed to consolidate and form a new corporation. In pursuance of that agreement the active business assets of the two corporations were appraised and were thereupon sold to a new corporation, the taxpayer in this appeal, which was organized for that purpose on January 2, 1918. The sale was effected by the new corporation paying to each of the old corporations equal portions of its common and preferred stock, in addition to interest-bearing notes at par, and the assumption of the liabilities of the selling corporations. The notes were subsequently liquidated at their face value, and the two old companies realized on their remaining assets and were dissolved. The appraised values of the fixed assets of the selling corporations were largely in excess of the book values at the time of the sale, and were taken up on the books of the new corporation at the increased appraised value.

In computing the invested capital as finally adjusted, the Commissioner allowed only the original book value of the assets acquired by the new corporation instead of the appraised value, but retained on the liability side of the balance sheet the full amount of indebtedness incurred by the new corporation in the acquisition of such assets. The Commissioner's computation is shown in the following table:

Assets purchased:

| | | |
|---|---|---|
| From Baker & Hamilton (original book value) | $3, 761, 499. 38 | |
| From Pacific Hardware & Steel Co. (original book value) | 3, 428, 342. 36 | |
| Consideration paid: | | |
| Preferred stock | $2, 500, 000. 00 | |
| Common stock | 600, 000. 00 | |
| Notes given | 2, 149, 878. 41 | |
| Bills receivable given | 77, 152. 65 | |
| Liabilities assumed | 1, 961, 630. 84 | |
| Income and excess profits taxes for 1917 to be paid for the former companies | 899, 734. 86 | |
| Excess value (reduction to invested capital) | | 998, 555. 02 |
| | 8, 188, 396. 76 | 8, 188, 396. 76 |

*Proof of invested capital.*

| | |
|---|---|
| Preferred stock | $2, 500, 000. 00 |
| Common stock | 600, 000. 00 |
| Tax reserve | 899, 734. 86 |
| | 3, 999, 734. 86 |
| Less: Excess of liabilities over assets acquired | 998, 555. 02 |
| | 3, 001, 179. 84 |
| Less: Proration of 1917 taxes paid for former companies ($899,734.86) | 493, 005. 40 |
| Invested capital | 2, 508, 174. 44 |

The taxpayer's computation of original book values of the selling corporations, corrected values, liabilities assumed by the new corporation, total cost of the assets purchased by the new corporation, and consideration paid, as set forth in the petition, is shown by the following table:

| | | | |
|---|---|---|---|
| Baker & Hamilton (original book values) | $3,819,056.27 | | |
| Corrections | 35,269.94 | | |
| Total | | $3,854,326.21 | |
| Less liabilities assumed | 1,548,433.80 | | |
| Tax assumed | 389,120.81 | 1,937,554.61 | |
| Net book value assets from Baker & Hamilton | | | $1,916,771.00 |
| P. H. & S. Co. (original book values) | 3,425,024.69 | | |
| Corrections | 9,221.96 | | |
| Total | | 3,434,246.65 | |
| Less liabilities assumed | 450,786.17 | | |
| Tax assumed | 510,614.05 | 961,400.22 | |
| Net book value assets P. H. & S. Co. | | | 2,472,846.00 |
| Grand total cost | | | 4,389,618.00 |
| Paid-in capital | | | 3,100,000.00 |
| Excess of cost value | | | 1,289,618.00 |

*Consideration paid.*

| | |
|---|---|
| Preferred stock | $2,500,000.00 |
| Common stock | 600,000.00 |
| Notes | 2,239,564.36 |
| Cash | 59,751.84 |
| Liabilities assumed | 1,999,219.97 |
| Tax liability | 899,734.86 |
| Total consideration | 8,298,271.03 |

| | | |
|---|---|---|
| Offset by: | | |
| Baker & Hamilton original book values | $3,854,326.21 | |
| Appreciations | 374,092.42 | |
| Baker & Hamilton appraised values | | 4,228,418.63 |
| Pacific Hardware & Steel Co. original book values | 3,434,246.65 | |
| Appreciations | 635,605.75 | |
| Pacific Hardware & Steel Co. appraised values | | 4,069,852.40 |
| | | 8,298,271.03 |

The Commissioner reduced the invested capital reported by the taxpayer for 1918 and 1919 by the amount of $998,555.02, and computed the income and profits taxes for those years accordingly, determining deficiencies for 1918 of $34,707.58 and for 1919 of $46,067.20, from which determination this appeal is taken.

DECISION.

The deficiencies should be recomputed in accordance with the following opinion. Final determination will be settled on 20 days' notice, in accordance with Rule 50.

OPINION.

JAMES: The issue in this appeal is whether the Commissioner has correctly computed the invested capital of the taxpayer.

The taxpayer, as set forth in the findings of fact, is a consolidation of two predecessor corporations, which consolidation became effective on January 2, 1918.

There are differences between the figures submitted by the taxpayer and the Commissioner with respect to the assets acquired and liabilities of the predecessor companies assumed by the taxpayer, which differences, however, may be ignored for the purpose of this appeal, since further testimony is to be taken with reference thereto when the method of determining the invested capital is adjudicated. For simplicity, therefore, the figures of the Commissioner will be used throughout the following discussion.

The Commissioner has computed invested capital by adding to the capital stock of $3,100,000 issued and outstanding a reserve of $899,734.86 for 1917 tax, reducing that reserve by $493,005.40 on account of the payment of such tax in 1918, and further has decreased invested capital by the amount used by him as the increase of assets, namely, $998,555.02.

The taxpayer asks, in effect, that the invested capital be computed by deducting the amount of the increased valuations, stated by the Commissioner to be $998,555.02, from notes and bills receivable given in exchange for the property acquired in connection with the organization of the taxpayer. The effect of allowing this claim of the taxpayer would be to concede to it the entire effect both of the withdrawal of a portion of invested capital by the giving of notes, and the writing up of its assets by virtue of its reorganization.

The pertinent parts of sections 325, 326 and 331 of the Revenue Act of 1918, applicable to the situation, read as follows:

SEC. 325. (a) That as used in this title—

*          *          *          *          *          *          *

The term "borrowed capital" means money or other property borrowed, whether represented by bonds, notes, open accounts, or otherwise;

\*        \*        \*        \*        \*        \*        \*

SEC. 326. (a) That as used in this title the term "invested capital" for any year means (except as provided in subdivisions (b) and (c) of this section):

(1) Actual cash bona fide paid in for stock or shares;

(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, but in no case to exceed the par value of the original stock or shares specifically issued therefor, unless the actual cash value of such tangible property at the time paid in is shown to the satisfaction of the Commissioner to have been clearly and substantially in excess of such par value, in which case such excess shall be treated as paid-in surplus;  \*  \*  \*

(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year;

\*        \*        \*        \*        \*        \*        \*

(b) *As used in this title the term "invested capital" does not include borrowed capital.*

\*        \*        \*        \*        \*        \*        \*

SEC. 331. In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then *no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received.*  \*  \*  \*  [Italics ours.]

It appears from the figures used by the Commissioner that the taxpayer acquired from Baker & Hamilton assets with a book value of $3,761,499.38 and from the Pacific Hardware & Steel Co. assets of a book value of $3,428,342.36, a total value of assets upon the books of the predecessor companies of $7,189,841.74. In exchange for these assets the taxpayer issued stock of $3,100,000, notes of $2,149,-878.41, and bills receivable of $77,152.65. The taxpayer assumed liabilities of $1,961,630.84, exclusive of income and excess-profits taxes for 1917, which it also assumed in the sum of $899,734.86, which sum was to be paid during the year 1918.

The total of the above securities given in exchange and liabilities assumed was $8,188,396.76, or, exclusive of the income and excess-profits tax, $7,288,661.90.

It is clear from the sections of the statute quoted above that two purposes are designed to be accomplished, among others, namely, that the taxpayer shall not include in invested capital any borrowed capital, and that, for the purpose of determining invested capital, a taxpayer which is the result of a reorganization after March 3, 1917, shall not by virtue of such reorganization obtain any advantage by comparison with the invested capital which would be allowed to a predecessor had no such reorganization taken place.

The above sections of the Act are not in conflict with one another, and should be so construed as to give full effect to the provisions of each.

The taxpayer in this case has in the course of the reorganization taken two steps, both of which would affect its computation of invested capital were it not for the provisions of section 331. In the first place, the taxpayer has acquired property in exchange for its notes and bills receivable. Under the provisions of section 326(b), it need hardly be pointed out that property so acquired can not be permitted to be included as a part of invested capital. It is property acquired in exchange for borrowed capital, and as such may not be included, directly or indirectly, as a portion of invested capital. The taxpayer has also acquired assets in exchange for its assumption of liabilities of the predecessor companies. These assets also constitute borrowed capital and can not in any manner be included in invested capital. The taxpayer has also acquired property for stock, and as to those assets it may not include any portion exceeding the valuation carried on the books of the predecessors, since to do so would permit the taxpayer to include in invested capital increases in value forbidden by the provisions of section 331.

There is no question here of either allocating assets to a particular portion of a total consideration paid or failing to allocate such assets. The simple fact is that assets of a value of $7,189,841.74, as shown by the books of predecessor companies, were acquired in exchange for a mixed aggregate of liabilities assumed and capital stock issued of $7,288,661.90. The $7,189,841.74 of assets were then entered on the books of the taxpayer at $8,188,396.76, thereby giving rise to a surplus reserve in the amount of $899,734.86.

But for the limitation contained in section 331, the invested capital of the taxpayer would be computed for the year under consideration by adding together the common and preferred stock, in the sum total of $3,100,000, and the surplus reserve for taxes of $899,734.86, reduced by the depletion of that reserve in 1918 in the sum of $493,005.40. Recasting the figures as set forth in the findings under the Commissioner's computation, the facts are as follows:

*Assets purchased:*

| | |
|---|---:|
| From Baker & Hamilton (original book value) | $3,761,499.38 |
| From Pacific Hardware & Steel Co. (original book value) | 3,428,342.36 |
| Total | 7,189,841.74 |

Total assets purchased (brought forward) _____ $7,189,841.74
*Consideration paid:*
    Preferred and common stock_____ $3,100,000.00
    Notes and bills given and liabilities assumed_ 4,188,661.90
Excess value (reduction to invested capital) ____                  98,820.16

                                              7,288,661.90    7,288,661.90

The proof of invested capital under the above computation becomes:

Preferred and common stock_____ $3,100,000.00
Less: Excess value_____ 98,820.16

    Remainder_____ 3,001,179.84
Less: Proration of 1917 taxes paid for former companies
    ($899,734.86) _____ 493,005.40

    Invested capital_____ 2,508,174.44

In the above recast figures it becomes clear when separated from the confusing item of 1917 taxes that the companies here involved are entitled to invested capital on $7,189,841.74 of assets, less borrowed money in the sum of $4,188,661.90. This invested capital the taxpayers are given under the computation of the Commissioner.

The method used by the Commissioner in computing invested capital is, therefore, correct in so far as it involves the construction of section 331. No other question is presented to the Board or is directly involved in this appeal, and no opinion is expressed as to the correctness of the computation in other respects.

As above stated, there are discrepancies between the figures given by the Commissioner and the taxpayer, as appears in the findings, but it was stipulated at the hearing, with the consent of the division sitting, that if, after the decision upon the question of law discussed above, the parties should be unable to adjust them between themselves, proof might be made later. Such proof, if necessary, will be taken upon settlement of final determination in accordance with the foregoing opinion.

On consideration by the Board, IVINS, KORNER, and TRUSSELL dissent.