*Decision will be entered under Rule 62.*

WALTER SCHMIDT, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11548.    Promulgated May 7, 1928.

*Walter Schmidt* pro se.
*John W. Fisher, Esq.*, for the respondent.

OPINION.

ARUNDELL: The expenses incurred by petitioner's wife and child in traveling from Modesto, Calif., to Pittsburgh, Pa., and return are personal living expenses which are not deductible from petitioner's gross income as provided by section 214(a)(1) of the Revenue Act of 1921.

We have held in the cases of *Frank H. Sullivan*, 1 B. T. A. 93; *Mort L. Bixler*, 5 B. T. A. 1181; and *Chas. H. Sachs*, 6 B. T. A. 68, that the cost of transportation of a taxpayer from his home to his place of business is not a business expense.

In the *Bixler* case the taxpayer was employed at Hammond, La. While so employed he made two or three trips to visit his family at Mobile, Ala., where he maintained his residence, and one trip to Houston, Tex., to secure employment. He obtained the employment sought, returned to Hammond and resigned from his position there, and then proceeded to Houston. He claimed a deduction in the amount expended for railroad fare, and for lodging, meals, and laundry while on these trips. We held that:

> We think the Commissioner in this case correctly held that railroad fare and living expenses paid out by this petitioner during the year 1922 were not deductible from gross income * * *. In the opinion of the Board, traveling and living expenses are deductible under the provisions of this section [214 (a) (1), Revenue Act of 1921] only while the taxpayer is away from his place of business, employment, or the post or station at which he is employed, in the prosecution, conduct, and carrying on of a trade or business. A taxpayer may not keep his place of residence at a point where he is not engaged in carrying on a trade or business, as this petitioner testified was true in this instance, and take a deduction from gross income for his living expenses while away from home. We think section 214 (a) (1) intended to allow a taxpayer a deduction of traveling expenses while away from his post of duty or place of employment on duties connected with his employment.

In the case of *Sarah Backer*, 1 B. T. A. 214, we referred to the *Sullivan* case, *supra*, which involved automobile transportation from the taxpayer's residence to his place of business, with the explanation that:

Fundamentally, the reason for this is that the proximate cause of the automobile transportation is not the place of location of the business, but the place of location of the residence.

We accordingly hold that the expenses paid by petitioner in traveling from his home in Modesto, Calif., to Hot Springs, Ark., and from Pittsburgh, Pa., to Modesto are not deductible as business expenses.

Reviewed by the Board.

*Judgment will be entered for the respondent.*