Lawrence Perry and Mildred Perry v. Commissioner.
Perry v. Commissioner
Docket No. 18995.
United States Tax Court
1950 Tax Ct. Memo LEXIS 144; 9 T.C.M. (CCH) 602; T.C.M. (RIA) 50174; July 19, 1950
Lawrence Perry, 1408 S. 24th St., Milwaukee, Wis., Pro se. David Long, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioners for 1944 in the amount of $184. The question is whether they are entitled to deduct amounts expended by Lawrence Perry in traveling to a new place of employment. Findings of Fact The petitioners are husband and wife and reside at 1408 South Twenty-fourth Street, Milwaukee, Wisconsin. They filed their income tax return for the calendar year 1944 with the collector of internal revenue for the district of Wisconsin. Lawrence Perry (sometimes referred to herein as petitioner) maintained a home for his *145 wife and family in Milwaukee from 1928 up to the time of the trial of this proceeding. On March 27, 1944, he was recruited for employment as a machinist by the United States Navy, his post of duty to be at the Naval Ship Yard in Pearl Harbor, Honolulu, T.H. He was to proceed from Milwaukee, Wisconsin, to San Francisco, thence to Pearl Harbor. He was issued railroad transportation requests covering his rail fare and Pullman accommodations. He was also issued meal tickets. He was not able immediately to procure railroad accommodations from Milwaukee to San Francisco and decided to travel in his personally owned automobile. He was given an allowance of gasoline by the Milwaukee Rationing Board sufficient to operate his car on the proposed trip. The exact time when he decided to go by automobile and the time when he departed from Milwaukee is not shown but it was not so many days after March 27, since it is shown that he was in California for a number of days prior to April 24 and his driving time from Milwaukee to California was approximately five days. On the trip from Milwaukee to California petitioner bore the costs, including gasoline, meals and lodging from his own funds. He estimated *146 that the trip covered 2,400 miles. Upon arrival in California petitioner reported to the proper authority at Naval Ship Yard at Mare Island. He turned in the Governmenttravel requests and the meal tickets which had been issued to him for the trip by train and requested that he be reimbursed for the amounts expended by him in making the trip. The transportation requests and meal tickets were accepted and cancelled, but his request for reimbursement was rejected. He has never received such reimbursement. Due in part at least to the denial of reimbursement for his traveling expenses from Milwaukee to California petitioner resigned or took the necessary steps to obtain a release from his commitment to proceed to Pearl Harbor. On April 25, 1944, he obtained employment as a machinist with the Arabian American Oil Company. His post of duty in that employment was to be in Saudi Arabia. He was to perform no work for that company elsewhere. Petitioner remained in San Francisco until July 16, 1944, awaiting transportation to Saudi Arabia. He then left San Francisco for New York, thence to Cairo, Egypt, and then to Saudi Arabia, arriving the last day of August 1944. He was continuously employed *147 in Saudi Arabia, throughout the remainder of the taxable year. During 1944 petitioner received from the Abrabian American Oil Company $3,007. This amount included $539.50 representing a payment of $6.50 per day to cover his living expenses during the period from April 25 to July 16 while in San Francisco awaiting transportation to Saudi Arabia. In reporting his income for 1944 petitioner encluded $295 representing an estimate of his cost in driving from Milwaukee to San Francisco and for his meals and lodging on the way. He likewise excluded $887.30, of which amount $697.80 represents an estimate of his living expenses while in California waiting for passage to Saudi Arabia, and $189.50 represents an estimate of amounts expended by him on the trip from San Francisco to Saudi Arabia. In determining the deficiency herein the respondent has added the above items to petitioner's income. Opinion It is the contention of the petitioner that in computing net income he is entitled to deduct as traveling expenses the estimated amounts above shown. See section 23 (a) (1) (A), Internal Revenue Code. [1]
*148 The facts show that petitioner had not actually entered upon the duties of his employment either with the United States Navy or the Arabian American Oil Company. On the trip from Milwaukee to San Francisco he was enroute to his place of employment. The same was true with respect to his sojourn in San Francisco while awaiting transportation for the trip to Saudi Arabia, and the period of his actual travel from San Francisco to Saudi Arabia. It has been held, and we find no cases to the contrary, that traveling expenses incurred by an individual enroute from one place to another to take up regular employment is a personal expense not deductible under the provisions of section 24 (a) (1) of the Internal Revenue Code. [2]Grover Tyler, 13 T.C. 186; Baxter D. McClain, 2 B.T.A. 726; Mort Bixler, 5 B.T.A. 1181; Walter Schmidt, 11 B.T.A. 1199; George B. Lester, 19 B.T.A. 549. The facts show that this is such a case. *149 Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩
2. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - (1) Personal, living, or family expenses;↩