874

Paul C. GREENLEE et al.,

v.

UNITED STATES of America.

Civ. A. No. 6912.

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 21, 1960.

———◆———

Holcomb & Grubbs, Marietta, Ga., for plaintiffs.

Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for defendant.

SLOAN, District Judge.

In the complaint in the above stated case plaintiffs, Paul C. Greenlee, and his wife, Ann J. Greenlee, allege that the action is brought as members of a class; that plaintiffs are husband and wife residing in Marietta, Georgia, and that the action arises under the income tax laws of the United States, being an action to recover income taxes and interest paid by plaintiffs to the District Director of Internal Revenue at Atlanta, Georgia.

Plaintiffs allege that they filed with the District Director of Internal Revenue a timely income tax return for the year 1954; that thereafter a representative of the District Director held and reported that such return was erroneous by reason of the fact that plaintiffs failed to report as taxable income the sum of $976.98 received by plaintiffs as moving and relocation expenses and that as a result thereof an income tax deficiency was assessed against plaintiffs in the sum of $315.20, of which $202.85 related to the adjustment for failure to report the amount received for such moving and relocation expenses. Plaintiffs allege that they duly paid the assessment, with interest, on July 15, 1957, and thereafter filed a Claim for Refund with the District Director of Internal Revenue.

Plaintiffs allege that the amount paid to them by Lockheed Aircraft Corporation as moving and relocation expenses was for their actual expense incurred in moving from Arlington, Texas to Marietta, Georgia, and that the same was a condition of employment and that the acceptance of such employment was conditioned on Lockheed moving plaintiffs to Marietta and that the expenses actually incurred by plaintiffs in moving exceeded the payment received by them as reimbursement.

Plaintiffs contend in the complaint that:

1. The payment and reimbursement does not constitute income within the meaning of § 61 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 61.

2. That the assessment was erroneous and contrary to law and plaintiffs are entitled to a refund of the overpayment of taxes and interest as provided by law.

Plaintiffs pray for the recovery of the sum of $202.85, with interest, etc.

The defendant has filed a motion for summary judgment in its favor as a matter of law, upon the following grounds:

1. That with respect to the issues involved (a) whether the amount re-

ceived by an employee as the costs of relocating himself and his family at the place of new employment is gross income for income tax purposes; and (b) whether such costs are deductible business expense, there is no controversy as to any material fact involved therein.

2. That the questions presented are questions of law which can be determined from the pleadings, etc.

3. That defendant is entitled to judgment as a matter of law.

The defendant's motion for summary judgment is, under Local Rule 15, now properly before the Court for determination.

In a memorandum filed by defendant in support of the motion it admits that plaintiffs received the sum of $976.98 in 1954 from Lockheed Aircraft Corporation to cover their moving expenses from Arlington, Texas to Marietta, Georgia; that plaintiff agreed to work for Lockheed at Marietta after Lockheed agreed to pay such moving expenses and that this payment by Lockheed was a condition of acceptance of employment and that the expenses actually incurred equalled and exceeded the payment received as reimbursement.

In the case of United States v. Woodall, 10 Cir., 255 F.2d 370, certiorari denied 358 U.S. 824, 79 S.Ct. 39, 3 L.Ed.2d 64, where the facts involved are substantially the same as the facts alleged in the complaint here, it is held that such payments to an employee by an employer come within the definition of gross income contained in § 61(a) of the Internal Revenue Code of 1954 and that the same are not deductible expenses under § 62 (2) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 62(2).

It appearing that plaintiffs are precluded as a matter of law from recovering the amount sued for, it is

Ordered that defendant's motion for summary judgment be, and it is hereby sustained and the complaint be, and it is hereby dismissed.