WILLIS B. FEREBEE AND LUCILLE B. FEREBEE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89813. Filed February 14, 1963.

*Willis B. Ferebee*, pro se.
*Ralph A. Anderskow, Esq.*, for the respondent.

DAWSON, *Judge:* The respondent determined a deficiency of $867.60 in the petitioners' income tax for the calendar year 1958.

The two issues for decision are:

(1) Whether the payment of $1,461.19 made by the new employer for moving petitioners' household goods to the location of the new employment was taxable income to them.

(2) Whether the payment of $1,450 made by the new employer for real estate commission on the sale of petitioners' former residence was taxable income to them.

All of the facts are stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by reference.

The petitioners, Willis B. Ferebee and Lucille B. Ferebee, are husband and wife residing at 1247 Kensington Road, Grosse Pointe Park, Mich. They filed their joint Federal income tax return for the calendar year 1958 with the district director of internal revenue at Detroit, Mich.

Willis B. Ferebee (hereinafter referred to as the petitioner) was, prior to March 15, 1958, manager of labor relations for the Pennsalt Chemicals Corporation (hereinafter referred to as the old employer) in its corporate home office in Philadelphia, Pa.

On March 15, 1958, petitioner changed his employment to the Bower Roller Bearing Division of Federal-Mogul-Bower Bearings, Inc. (hereinafter referred to as the new employer), in Detroit, Mich., where he was employed as director of industrial relations. This position was orally offered by the new employer to petitioner sometime before March 15, 1958.

The old employer and the new employer are in no way connected and the petitioner was never employed in Pennsylvania by the new employer. Nor did petitioner ever perform any duties in Pennsylvania for the new employer.

Petitioners' change of employment necessitated the sale of their residence in Merion Park, Pa., and the moving of their household goods from Merion Park to Grosse Pointe Park, Mich. The cost of moving their household goods was $1,461.19 which amount was paid directly by the new employer to United Van Lines, Inc., on July 15, 1958. This amount was not included by petitioners as taxable income in their 1958 income tax return.

On June 21, 1955, petitioners purchased a home in Merion Park, Pa., known as 517 Howe Road, for the amount of $29,000.

Petitioners executed an agreement of sale on March 4, 1958, in which they agreed to sell their Merion Park residence on or before

June 20, 1958, for $29,000. They further agreed to pay to the real estate brokers a sales commission of 5 percent of the gross sales price. This agreement of sale was consummated and closed on June 13, 1958, and the residence was conveyed by deed to the purchasers for $29,000. The real estate commission on the sale of the Merion Park residence was paid on June 10, 1958, to the real estate brokers by the new employer. The amount of the commission was $1,450. The amount was not included by petitioners as taxable income in their 1958 income tax return.

Respondent determined that the payments made by the new employer for the moving expenses and the real estate commission were includable in petitioners' income for 1958.

Petitioners do not raise the issue that the cost of moving their household goods and the amount of real estate commission are deductible as ordinary and necessary expenses incurred in carrying on a trade or business under section 162 or any other section of the Internal Revenue Code of 1954.

There is no provision in the Internal Revenue Code of 1954 specifically requiring the inclusion in gross income of such payments as those here involved nor is there any provision specifically providing for the exclusion or deduction thereof. However, the respondent has drawn a distinction between an "old" employee and a "new" employee with respect to tax treatment for paid or reimbursed moving expenses. In Rev. Rul. 54–429, 1954–2 C.B. 53, he ruled that where an individual is transferred by his employer from one "official station" to another official station of the same employer, any amounts paid by the employer to or on behalf of the employee for expenses of moving the employee and his immediate family, and his personal and household effects, to the new station are not compensatory in nature; and that, therefore, such amounts are not includable in the employee's income. But in Rev. Rul. 55–140, 1955–1 C.B. 317, it was held that where an individual enters into a new employment and, as part of this new arrangement, the employer agrees to pay either to or on behalf of the employee the expenses of moving him and his family, and his personal and household effects, to the place where he is to perform such new employment, any amounts paid to or on behalf of the employee by the new employer under such arrangements are includable in the employee's income.

Petitioners contend that there is no legal validity for the distinction made by respondent in the two revenue rulings between "present employer" and "new employer" situations. To support their contention they cite two examples in their brief which are appealing from an equitable standpoint. Nevertheless, in some comparatively recent decisions, the courts have sustained respondent's rulings and upheld

the distinction. See *United States* v. *Woodall*, 255 F. 2d 370 (C.A. 10, 1958), certiorari denied 358 U.S. 824 (1958) ; *Greenlee* v. *United States*, 190 F. Supp. 874 (N.D. Ga. 1960) ; *Hedberg* v. *United States*, 7 A.F.T.R. 2d 1416 (W.D. Wash. 1961) ; *John E. Cavanagh*, 36 T.C. 300 (1961) ; *Alan J. Vandermade*, 36 T.C. 607 (1961). We agree with these prior decisions.

Since this is clearly a case where the new employer has paid the expenses of moving the household goods, we hold that the amounts so paid were taxable income to petitioners within the meaning of section 61(a) and 63(a), I.R.C. 1954.

As to the second issue concerning the new employer's payment of the real estate commission, respondent contends that it was in the nature of a cash bonus or additional compensation arising out of the discharge of petitioners' personal obligation to pay the 5 percent commission on the sale of their Merion Park residence. Petitioners counter with the assertion that payment of the commission should be considered as a part of the "amount realized" from the sale of the property as that term is used in section 1001(b), I.R.C. 1954. They say that the amount paid by their new employer was not intended as "additional compensation" but rather as a restoration of a capital loss since the "amount realized" by them from the sale of their home was $29,000, exactly the amount they paid for it in 1955. They rely on our decision in *Otto Sorg Schairer*, 9 T.C. 549 (1947), where it was held that the amount received by the taxpayer as a reimbursement from his present employer should be treated for tax purposes as a part of the "amount realized" from the sale of the taxpayer's home under section 111(b), I.R.C. 1939, and not as additional compensation.

The facts in the *Schairer* case would appear to be distinguishable on several grounds from those present here. But we need not enumerate the distinctions because the majority of this Court has recently declined to follow the *Schairer* decision. See *Harris W. Bradley*, 39 T.C. 652 (1963).

Accordingly, we hold that the payment of the real estate commission on the former residence was tantamount to the receipt by the petitioners of compensation from the new employer. As such, it was taxable income to them.

Reviewed by the Court.

*Decision will be entered for the respondent.*

Bruce, *J.*, concurs in the result.

---

Opper, *J.*, concurring: To keep the record straight, the rule that payment of the moving expenses of a "new employee" is neither excludable from income nor deductible by the employee is at least as

old as 2 B.T.A.[1]  Regardless of earlier errors, *John E. Cavanagh*, 36 T.C. 300 (1961), we have now again held that a payment by an employer in connection with a change in the location of an employee's home is compensatory in nature. *Harris W. Bradley*, 39 T.C. 652 (1963).

Whether the Commissioner of Internal Revenue was correct in his conclusion that payments to "old employees" are not income, see *Old Colony Tr. Co.* v. *Commissioner*, 279 U.S. 716 (1929) ; *Commissioner* v. *LoBue*, 351 U.S. 243 (1956), or even in discriminating automatically in favor of "old employees," see *Fulton Freeman*, Memorandum Opinion of this Court, dated March 31, 1952, is not now before us.

Be that as it may, although the benefit to the "old employee" may be no less than that to the "new," that is not the issue.  The issue presented, whether framed as an exclusion or a deduction,[2] is the old familiar but still apparently difficult one of distinguishing between personal and business expenses.  See, e.g., *Commissioner* v. *Flowers*, 326 U.S. 465 (1946).  If the employee is forced to change the location of his home for the convenience of his employer as an alternative to being dismissed, the situation may lose the aspect of personal expense and come under the familiar rule exemplified by such situations as the cost of education to retain an existing job as contrasted with obtaining a new one,[3] or the cost of room or meals where an employer and not the employee insists upon the employee's location.[4]  Cf.

---

[1] In *Appeal of Baxter D. McClain*, 2 B.T.A. 726 (1925), we said (at p. 726) :

"STERNHAGEN : The petition contains an argument that since the contract of employment provides for the payment by the employer of the moving expenses, they are therefore business expenses.  It may be that the payment made by the employer is a business expense so far as he is concerned, but the mere fact that the taxpayer receives this amount under the contract does not determine the character of the expenditure made by the taxpayer. * * * The taxpayer changed the place of residence of himself and his family to another city, for the purpose of entering upon new employment in that city.  *As compensation under the contract of employment, he received, in addition to salary, the amount of the moving expenses.*  The expenditure when made by him, we think, was purely a personal and family expense, and we can see no basis in reason for finding that they were incurred in carrying on a trade or business, or in pursuit of a trade or business of either the taxpayer or his employer."  (Emphasis added.)

See also *Walter Schmidt*, 11 B.T.A. 1199 (1928) ; *George B. Lester*, 19 B.T.A. 549 (1930).

[2] "* * * Under existing law, *payments or reimbursements* to a new employee of moving or relocation expenses *come within the statutory description of gross income*, and the expenses incurred by a new employee in moving his family and household goods are not expenditures for which deductions may be taken in computing income taxes. * * *" S. Rept. No. 1393, to accompany H.R. 10087 (Pub. L. 86–780), 86th Cong., 2d Sess., p. 17 (1960).  (Emphasis added.)  In addition, see sec. 116(k), I.R.C. 1939, as added by sec. 1051 of Pub. L. 724, 79th Cong., 2d Sess. (1946), and see also H. Rept. No. 2508, to accompany H.R. 6967, Reorganization of the Foreign Service, Committee on Foreign Affairs, 79th Cong., 2d Sess., p. 151 (1946).

[3] Cf. *Robert S. Green*, 28 T.C. 1154 (1957), with *Sandt* v. *Commissioner*, 303 F. 2d 111 (C.A. 3, 1962), affirming a Memorandum Opinion of this Court.

[4] "To bring the tax treatment of subsistence allowances for police officials *in line with the treatment * * * of other taxpayers,* your committee's bill * * * repeals * * * this * * * exclusion."  (Emphasis added.)  S. Rept. No. 1983, to accompany H.R. 8381, Technical Amendments Act of 1958, 85th Cong., 2d Sess., p. 14 (1958), repealing sec. 120, I.R.C. 1954.

*William I. Olkjer*, 32 T.C. 464 (1959), with *Herman Martin*, 44 B.T.A. 185 (1941). But here,

As a matter of law, these payments are no different than had [the employer] given the taxpayers, cash to pay outstanding obligations, or for the payment of living expenses for a specified period after their arrival * * *. The form of payment, to constitute income, is immaterial. The statute explicitly declares that gross income shall include compensation for personal services of whatever kind and in whatever form it is paid. * * * These payments come within the statutory description of gross income.

\* \* \* \* \* \* \*

While it may appear to be equitable that expenses incurred in seeking and obtaining employment, or in traveling to the place of employment, should be treated as though they had been incurred in the performance of one's duty as an employee, it has, nevertheless, been long recognized that deductions are matters of legislative grace, allowable only when there is a clear provision for them, and do not turn upon equitable considerations. * * * What should be allowed as an expense deduction is a matter of policy for Congress, not the Courts.

*United States* v. *Woodall*, 255 F. 2d 370, 372–373 (C.A. 10, 1958), certiorari denied 358 U.S. 824. And see especially sec. 119, I.R.C. 1954, and footnote 2, *supra*.

The result reached seems to me inescapable.

TIETJENS, PIERCE, and MULRONEY, *JJ.*, agree with this concurring opinion.

———

HOYT, *J.*, concurring: While I subscribe to the views expressed by Judge Raum in the first portion of his dissenting opinion, I cannot agree with his ultimate conclusions, and concur with the result reached by the majority here. I feel, however, that the wrong reasons are relied upon, and I can see no sound basis for distinguishing between a "new" and an "old" employee. Such distinction is not required or sanctioned by the statute, nor can I agree that the respondent has drawn the distinction in his previous rulings as indicated in the majority opinion.

I feel that we should not compound the confusion already evident from the line of cases involving this issue by deciding this case on what seems to me to be the unrealistic and arbitrary basis of oldness or newness of the employment involved. Indeed, in our most recent decision on the question we properly side-stepped this quagmire and, although it was clear that the taxpayer there was not a "new" employee, we held that the payments made by his employer were taxable income to him because they were compensatory in nature. *Harris W. Bradley*, 39 T.C. 652 (1963). This, in my view, is the sole issue in these cases, and following the rationale of *Commissioner* v. *Duberstein*, 363 U.S. 278 (1960), and *Commissioner* v. *LoBue*, 351 U.S. 243 (1956), as we did in *Bradley*, we should look

to the particular facts and circumstances of each case. This is true, as I see it, as to any payments made by an employer to an employee whether they are for moving expenses, real estate commissions, or to make good an economic loss sustained as the result of the sale of a home.

It is true that in all the cases involving new employment, the payment of moving expenses have been held to be taxable income. As I read the cases, however, these decisions do not turn on the fact of newness but rather on the fact that the agreement to pay was made as a part of the employment contract and as an inducement to the employee to accept a new job and move to a new location. Such payments are, therefore, compensatory in nature. In *United States* v. *Woodall*, 255 F. 2d 370 (C.A. 10, 1958), certiorari denied 358 U.S. 824, no mention of "new" or "old" employees, as such, was made and the court did not attempt to draw a distinction on such a basis. Rather, the rationale was that the payment of moving expenses "was in the nature of a cash bonus as an inducement to accept employment." It was held to be taxable income because it represented compensation for personal services.

The fact that in the new employment cases the facts generally support a finding of taxable income does not mean that any payment to an "old" employee is tax free. Cf. *Harris W. Bradley, supra*. A careful reading of the rulings amply demonstrates this. The respondent uses clearly qualifying language throughout Rev. Rul. 54–429, 1954–2 C.B. 53, which I feel has been ignored in the majority opinion. Only where the employee is transferred "in the interest of his employer" and "primarily for the benefit of the employer" is the payment or reimbursement of expenses generally regarded as noncompensatory in nature. The ruling specifically provides that "In any case in which the transfer is made primarily for the benefit of the employee, any allowance or reimbursement received by the employee is includible in his gross income." In the light of this qualifying language it is clear that Rev. Rul. 54–429 does not support the contention that *all* payments to "old" employees are nontaxable.

I feel that the inevitable result of further expression of an arbitrary discrimination between "old" and "new" employees as the determining factor in this line of cases will be to compound confusion. We need go no further than we did in *Bradley* or than the Tenth Circuit went in *Woodall*. Payments by an employer in the nature of bonuses, for services either rendered or to be rendered by an employee, are compensatory and constitute income taxable to him. This should be the result whether the employee be old or new.

With these observations, I concur in the result.

FISHER, *J.*, agrees with this concurring opinion.

RAUM, *J.*, dissenting: I cannot agree with the prevailing opinion on either issue.

1. There is no sound basis for distinguishing between a "new" and an "old" employee. If the amounts advanced to cover moving expenses of an employee in order that he may render services for the employer at a new place of employment are regarded as not having the quality of taxable income under the statute in respect of an "old" employee, then there is no convincing reason for treating differently the reimbursement of identical expenses on behalf of a "new" employee. Such reimbursement is no more compensatory nor does it confer any more benefit upon the employee in one case than in the other. The discrimination is not justified by the statute. Nor is it based upon any rule enjoying long-standing judicial approval. To be sure, there is a small cluster of recent cases which differentiate between a "new" and an "old" employee. This Court has never approved any such distinction in a court reviewed case. Indeed, the Court in *John E. Cavanagh*, 36 T.C. 300, in holding that the reimbursement did not represent taxable gain, went far to find that the particular taxpayer was an "old" employee; it was thus unnecessary for it to consider whether the opposite result should be reached in the case of a "new" employee—an issue that I regard as having been left open. The subsequent decision in *Alan J. Vandermade*, 36 T.C. 607, erroneously assumed, in my judgment, that the *Cavanagh* case sanctioned the distinction. *Vandermade* was not court reviewed.

No question is here presented as to *deductions* by the employee; the issue is solely one of including in his gross income the reimbursement of the costs incurred by him in moving to a new location to serve his employer. That problem is still fresh from a judicial point of view, and I would not approve a distinction between "old" and "new" employees that has very little, if anything, to commend it and which is productive of such a harsh result.

2. I would reach the same conclusion in respect of the real estate commission paid by the employer on the sale of the taxpayer's former residence. The present case was considered originally by the Court together with *Harris W. Bradley*, 39 T.C. 652, and I agree with the dissenting views announced therein. Prior to *Bradley*, it was the rule in this Court—for a period of at least 15 years—that where an employer reimbursed his employee for loss sustained upon sale of the latter's residence in order to move his home closer to the new place of employment, such reimbursement was merely part of the "amount realized" from the sale and did not result in the receipt of any taxable gain. *Otto Sorg Schairer*, 9 T.C. 549. The payment of the commissions herein merely affected the amount of the sales price, since it has long been recognized that sales commissions are but a charge against the

proceeds of sale. *Spreckels* v. *Commissioner*, 315 U.S. 626. Accordingly, under *Schairer*, this item would not constitute income to the employee. I think *Schairer* was correct and should not have been overruled.[5] It is one thing to overrule a patently wrong decision in order to reach a just result. It is an entirely different matter to overrule a case which, at worst, was merely doubtful, and where the new rule is productive of an unjust result.

[5] Of course I accept *Bradley,* as I must, as the law in this Court. But, as indicated, the present case and *Bradley* were considered together by the Court, and I therefore think it appropriate to announce these views at this time.

