Robert L. Wells v. Commissioner.
Wells v. Commissioner
Docket No. 3103-63.
United States Tax Court
T.C. Memo 1965-103; 1965 Tax Ct. Memo LEXIS 228; 24 T.C.M. (CCH) 562; T.C.M. (RIA) 65103; April 16, 1965
*228 Held, that the amount paid by a new employer to cover moving expenses of petitioner to his new place of employment constitutes taxable income to petitioner. Held, further, that petitioner is not entitled to deduct a loss of $163 incurred in a lease deposit on his apartment in Chicago nor is he entitled to deduct $150 which it is stipulated he incurred in his move from Chicago to Philadelphia and which was not reimbursed to him by his employer. Robert L. Wells, pro se. Dennis C. DeBerry, for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the taxable year ended December 31, 1961, of $315.44. The deficiency is due to including in petitioner's taxable income for the year 1961 reimbursement for moving expenses incurred by him in moving from Chicago to Philadelphia, after accepting employment with Smith Kline & French Laboratories, a firm in Philadelphia. Petitioner assigned error to this determination of the Commissioner, as follows: It is my belief and contention that the reimbursed moving expenses of $679.46 did not constitute taxable income in 1961 to me because: 1. Their reimbursement was for the convenience of the employer. 2. Their reimbursement was not intended as compensation nor did it constitute an inducement to accept employment. 3. No distinction should be made between the case of a so-called "new" employee and a so-called "old" employee. By an amendment to his petition petitioner claims an additional deduction of unreimbursed moving expenses of at least $171.11 relating *230 to his move from Chicago to Philadelphia and claims that this additional deduction results in an overpayment of his income tax of $83.24 in 1961. Most of the facts were stipulated and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. There was some brief oral testimony by petitioner. Findings of Fact Petitioner is single, used the cash method of accounting, and filed his return for the period here involved with the district director of internal revenue, Philadelphia, Pa., on a calendar year basis. At the beginning of 1961, petitioner was employed by Ernst & Ernst, certified public accountants, as a manager in their Chicago tax department. Petitioner resigned from his employment with Ernst & Ernst on February 28, 1961, having accepted the position of tax manager with Smith Kline & French Laboratories, hereinafter sometimes referred to as Laboratories, in Philadelphia. Petitioner worked in Chicago for Ernst & Ernst until Friday, February 24, 1961. He started his employment with Laboratories in Philadelphia on Monday, February 27, 1961. Certain of the moving expenses incurred by petitioner in moving from Chicago *231 to Philadelphia were assumed and paid by Laboratories, pursuant to company policy. Expenditures made by Laboratories to Aero Mayflower Transit Co., Inc., of Indianapolis for the moving of petitioner's household goods from Chicago to Philadelphia totaled $543.57. Laboratories reported petitioner's moving expense payments referred to above as taxable wages, increased "with an additional 25% of such expenses paid" in order to offset a major portion of the increased tax burden. The total moving expense payments, withholding and social security credits so given by Laboratories amounted to $679.46. Income in the amount of $679.46 was therefore included in petitioner's withholding statement, Form W-2, as representing reimbursement for moving expenses from Chicago to Philadelphia, incurred by petitioner, in accepting employment with Laboratories. Petitioner included the $679.46 as income from Laboratories in his 1961 individual income tax return, deducting the full amount thereof as "a) Moving expenses." Petitioner incurred a $163 Chicago apartment lease deposit loss and other immediate expenses in Philadelphia resulting from his move to Philadelphia, such as travel, hotel, and other living *232 expenses in the amount of at least $150. The purpose of petitioner's move from Chicago to Philadelphia was to accept new employment with Laboratories at an increase in salary from what he was receiving as salary from Ernst & Ernst. Petitioner is a member of the bar of the State of Illinois and a C.P.A. in said State. Prior to petitioner's move, which is the subject matter of this case, he had not been physically present in the City of Philadelphia except for a 5-hour interview with Laboratories. Opinion BLACK, Judge: Petitioner moved from Chicago to Philadelphia to accept new employment with Laboratories. Petitioner had been employed by Ernst & Ernst in Chicago and resigned therefrom when the new Philadelphia employment was accepted. Moving expenses were reimbursed to petitioner, increased by 25 percent to help offset a portion of the increased tax burden as a result of said reimbursement. The reimbursed expenses were reported as income by petitioner. In his 1961 income tax return petitioner deducted the amount of the moving expenses of $679.46. Respondent has disallowed this deduction and this results in the deficiency. Petitioner assigns error as to this action of the Commissioner *233 as has been heretofore explained. In his brief, petitioner lays stress on the fact that he is admitted to practice law in the State of Illinois and that he is also a C.P.A. in that State. He seems to argue that because of these facts while he was an employee in Chicago of the firm of Ernst & Ernst he was engaged in the practice of law and accounting as a business and that when he became an employee of Laboratories, as the manager of the firm's tax department, he was still in the practice of law and accounting as a business and therefore his moving expenses from Chicago to Philadelphia were business expenses. We think this is a mistaken conception of petitioner as to what carrying on a business means. Petitioner was an employee and this is true both while he was employed by Ernst & Ernst in Chicago and by Laboratories in Philadelphia. Petitioner contends that his moving expenses from Chicago to Philadelphia were ordinary and necessary business expenses and are deductible under section 162 of the 1954 Code, the pertinent portion of which reads as follows: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary *234 expenses paid or incurred during the taxable year in carrying on any trade or business, * * * Of course, it is plain that whatever legal work or accounting work petitioner performed while an employee of Ernst & Ernst was for his employer and not for himself. The same is true for any legal work or accounting work that petitioner performed as manager of the tax department of Laboratories in Philadelphia. He was not self employed either as a lawyer or as an accountant. We think that Willis B. Ferebee, 39 T.C. 801 (1963) is applicable to the facts of this case. In the Ferebee case we said: There is no provision in the Internal Revenue Code of 1954 specifically requiring the inclusion in gross income of such payments as those here involved nor is there any provision specifically providing for the exclusion or deduction thereof. However, the respondent has drawn a distinction between an "old" employee and a "new" employee with respect to tax treatment for paid or reimbursed moving expenses. In Rev. Rul. 54-429, 1954-2 C.B. 53, he ruled that where an individual is transferred by his employer from one "official station" to another official station of the same *235 employer, any amounts paid by the employer to or on behalf of the employee for expenses of moving the employee and his immediate family, and his personal and household effects, to the new station are not compensatory in nature; and that, therefore, such amounts are not includable in the employee's income. But in Rev. Rul. 55-140, 1955-1 C.B. 317, it was held that where an individual enters into a new employment and, as part of this new arrangement, the employer agrees to pay either to or on behalf of the employee the expenses of moving him and his family, and his personal and household effects, to the place where he is to perform such new employment, any amounts paid to or on behalf of the employee by the new employer under such arrangements are includable in the employee's income. Petitioner strongly relies on Walter H. Mendel, 41 T.C. 32 (1963). We think the Mendel case is not applicable. In that case we said: Respondent calls attention to the fact that he has not required that petitioner include in his income the $316 reimbursed to him by the Veterans Administration and in support of this action cites Rev. Rul. 54-429, 1954-2 C.B. 53. *236 In John E. Cavanagh, 36 T.C. 300 (1961), we quoted the portion of Rev. Rul. 54-429, supra, which states: Accordingly, it is concluded that (1) amounts received by an employee from his employer representing allowances of reimbursements for moving himself, his immediate family, household goods and personal effects, in case of a transfer in the interest of his employer, from one official station to another for permanent duty, do not represent compensation within the meaning of section 22(a) of the Code, and are not includible in the gross income of the employee if the total amount of the reimbursement or allowance is expended for such purposes * * * Plainly, the Mendel case is not applicable here. It is true that section 217 of the 1954 Code enacted by the Revenue Act of 1964 changes the rule that the Commissioner has followed in the instant case but the new section 217 was not made retroactive. Therefore, it has no application here. On this issue, respondent is sustained. See United States v. Woodall, 255 F. 2d 370. It was also stipulated that petitioner incurred a loss of his apartment lease deposit in Chicago in the amount of $163, and *237 incurred travel expenses, hotel and other living expenses in Philadelphia amounting to at least $150 as a result of accepting the new employment with Laboratories. These expenses were not reimbursed. As we have already stated, petitioner, by leave of the Court, filed an amendment to his petition which stated: PETITIONER claims this additional deduction [$171.11] under section 162 of the Internal Revenue Code of 1954, as an ordinary and necessary expense of carrying on his trade or business. THEREFORE, petitioner respectfully prays that an over assessment in the amount of $83.24 be determined by the Court. As we have already stated, petitioner was not carrying on the business of practicing law or accounting while he was an employee of Ernst & Ernst in Chicago or while he was an employee of Laboratories in Philadelphia; he was not self employed. For the same reason that petitioner's claim for a deduction of moving expenses from Chicago to Philadelphia has been denied, his claim for the deduction of the amount named in the amendment to his petition is also denied. Decision will be entered for the respondent.