JOHN C. and MILDRED N. KINGSBURY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kingsbury v. Commissioner
Docket Nos. 7026-71, 5932-72.
United States Tax Court
T.C. Memo 1975-204; 1975 Tax Ct. Memo LEXIS 167; 34 T.C.M. (CCH) 875; T.C.M. (RIA) 750204; June 26, 1975, Filed *168 John C. Kingsbury, pro se. Peter Matwiczyk, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined deficiencies in petitioners' income tax and additions to tax under section 6653(a) [1] for the years 1968, 1969 and 1970, as follows: Deficiency in
Additions to tax Year
income tax
under sec. 6653(a)
1968
$1,560.84
$78.04
1969
1,480.78
1970
1,726.77
86.34
The issues for our decision are as follows: Did the respondent err in his determination that: 1. A $1,052.80 reimbursement for employee business expenses is includable in petitioners' 1968 income; 2. Certain expenses incurred by petitioners in 1968 and 1969 are not deductible moving expenses; 3. No deduction is allowable in any of the years as an expense for maintaining an office in petitioners' home; 4. Petitioners' claimed depreciation expense in 1970 with respect to certain furniture in their home is not allowable; 5. Petitioners are not entitled to deduct certain investment-related expenses in 1969 and *169 1970; 6. Petitioners' claimed employee business expenses for 1969 and 1970 do not exceed reimbursements for those expenses; 7. Petitioners' claimed deduction under section 162(a) for automobile expenses was excessive for each of the years involved; 8. Petitioners are not entitled to a medical expense deduction for transportation in excess of $75 per year for each of the years involved; 9. No deductions should be allowed in 1969 and 1970 as charitable contributions for transportation expenses; 10. Petitioners are liable for additions to tax pursuant to section 6653(a) for 1968 and 1970. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners John C. and Mildred N. Kingsbury are husband and wife who resided in Nashville, Tennessee, at the time the petition was filed. Petitioners jointly filed their Federal income tax returns on a calendar year basis for 1968 with the District Director of Internal Revenue, St. Louis, Missouri, and for 1969 and 1970 with the District Director of Internal Revenue, Nashville, Tennessee. John C. Kingsbury (hereinafter sometimes referred to as "Kingsbury") is a certified public accountant who was employed by *170 Alcan Aluminum Corporation (Alcan) from December 1, 1966, to October 13, 1967, by Granite City Steel Company (Granite City) from December 16, 1967, to February 28, 1969, and by Genesco, Inc., from June 1969 throughout 1970. In April 1968, Kingsbury received the sum of $1,052.80 in reimbursement of business travel expenses incurred during 1967 in behalf of Alcan. Petitioners did not include this amount in income in their 1968 tax return though Kingsbury was aware that it was properly includable. After beginning employment with Granite City, Kingsbury moved his family to his new place of work near St. Louis. Kingsbury and his family were in transit between their old residence and St. Louis for two days. Petitioners incurred expenses of $126.71 during such transit for which they were reimbursed by Granite City. Kingsbury and his family lived in temporary quarters for 19 days in the new location, and petitioners deducted as unreimbursed employee business expenses their personal living expenses while in temporary quarters. Granite City reimbursed Kingsbury at the rate of $6 per day for his own meals while he and his family were living in temporary quarters. The total amount of reimbursements *171 that petitioners received from Granite City in 1968 was $431.67. In addition, Granite City paid $99.23 directly for Kingsbury's air fare, $66.15 of which was in connection with petitioners' move. In 1968 Kingsbury was away from home on behalf of Granite City, one day. Petitioners reported a total of $161.38 in reimbursements from Granite City in 1968. While working for Granite City, Kingsbury lived in a three-bedroom house. Petitioners deducted 20 percent of their rent and utilities as an expense for maintaining one bedroom exclusively as a business office. Petitioners have four children. In 1968, the ages of petitioners' children were as follows: a son, two; a daughter, five; a son, seven; a daughter, thirteen. In 1969, Kingsbury terminated his employment with Granite City and in May began work with Genesco, Inc., in Nashville, Tennessee. Kingsbury moved his family and deducted as unreimbursed employee business expenses all living expenses incurred in connection with temporary living quarters in St. Louis prior to relocation in Nashville. Petitioners also deducted as unreimbursed moving expenses, air fare and pocket money expended when Mildred Kingsbury flew to a relative's house *172 in South Carolina where the petitioners' children were staying. In Nashville petitioners again resided in a three-bedroom home. In 1969 and 1970, petitioners claimed a deduction for 20 percent of their rent and utilities for maintaining an office in their home allegedly used exclusively for business. The area allegedly used exclusively for business was one-half of the living room partitioned off by bookcases and one-half of each of two bedrooms supposedly used for storage of records and filing cabinets. Within the partitioned area in the living room was a dining table, buffet, hutch, server, and chairs with respect to which petitioners claimed a depreciation deduction as office furniture in 1970. Nowhere else in the house was there a dining area. However, a table in the kitchen was used for eating. Kingsbury was an investor in securities throughout the years in issue, and had capital gains or losses in each year as follows: 1968--$255.56 gain; 1969--$714.73 loss; 1970--$1,362.73 loss. Kingsbury completed one purchase and one sale of stock in 1968, six in 1969, and five in 1970. During each of these years no other purchases of stock or securities were made. Petitioners received *173 no dividends throughout the years in issue. Kingsbury made two trips in 1969 and twelve trips in 1970 away from home overnight on behalf of Genesco, Inc. On all of these trips, Kingsbury incurred no expenses which were ordinary and necessary business expenses other than those for which he was reimbursed by Genesco, Inc. In 1968, Kingsbury used his two personal cars to drive 2,766 miles on business on behalf of Granite City. Granite City reimbursed Kingsbury for 676 of these miles at 10 cents per mile. Petitioners included this reimbursement in their 1968 income tax return. Petitioners' total mileage driven in 1968, including business, medical and personal, was 15,000 miles. In 1969, Kingsbury again used his two personal cars in his employer's business. In January and February, he drove 930 miles on business on behalf of Granite City. After changing jobs, Kingsbury drove 1,862 miles on business on behalf of Genesco, Inc. He also drove 6,007 miles in search of a house and on other personal affairs in his new job location the cost of which petitioners claimed as employee business expenses. Petitioners' total mileage driven in 1969, including business, medical and personal, was 19,000 *174 miles. In 1970, Kingsbury used his two personal automobiles on behalf of Genesco, Inc.'s business. He drove 1,797 miles on business which took him away from home overnight, and 3,000 miles on Genesco's business which did not do so. Petitioners' total mileage driven in 1970, including business, medical and personal, was 19,500 miles. Petitioners incurred medical, medicine and drug expenses for each of the years in issue as follows: Year
Medical Expenses
Medicine and Drug
1968
$511.51
$416.12
1969
502.22
612.44
1970
482.25
746.00 Petitioners also incurred transportation expenses of $75 in each of the years involved in connection with their medical, medicine and drug expenses. Neither in 1969 nor in 1970 did petitioners incur any transportation expenses in connection with charitable activities. However, petitioners did make charitable contributions in the amounts of $843, $501.27, and $378.89, in the years 1968, 1969, and 1970, respectively. OPINION Regarding the many issues presented for our decision in the instant case, a presumption of correctness attaches to respondent's determination which petitioners have failed to overcome. Rule 142(a), *175 Tax Court Rules of Practice and Procedure.
Issue 1
With respect to the first issue before us, petitioners argue that a $1,052.80 reimbursement received by Kingsbury in 1968 for 1967 travel expenses incurred on behalf of Alcan has already been included in 1967 income. They point to a Summary Opinion of this Court issued in 1972. [2] In that opinion we offset approximately $1,300 of deductible business expenses with $1,316.46 of unreported income consisting of direct payments by Alcan of air fare the cost of which petitioners had deducted. Petitioners now advance the fatuous argument that the result of this offset was ipso facto to include the 1968 reimbursement in 1967 income. The 1968 reimbursement was not before the Court in our Summary Opinion, and we did not then include it in 1967 income. It is properly includable in 1968 income, and we so hold. Issue 2
In each of the years 1968 and 1969, Kingsbury moved his family because he had accepted new employment in a new location. In both years petitioners improperly deducted as unreimbursed employee business expenses, their personal living expenses in *176 temporary quarters, including meals, lodging, parking, tips, telephone, and laundry. The total amounts so improperly deducted were $820.73 in 1968, and $2,157.98 in 1969. Moreover, in 1969, petitioners also improperly deducted $342.86 as unreimbursed moving expenses. This amount was a personal expense consisting of air fare and out-of-pocket expenses incurred in Mildred Kingsbury's trip to a relative's house in South Carolina where petitioners' children were then staying. All of the above amounts are nondeductible personal, living, and family expenses under section 262. See sec. 1.217-1 (b)(4), Income Tax Regs.
Petitioners improperly excluded from income in 1968, $369.52 of moving expenses reimbursed or paid for directly by Granite City. This amount should have been included in income in addition to the $161.38 that petitioners did include because petitioners' move was the result of Kingsbury's acceptance of employment with a new employer. Sec. 61(a); Willis B. Ferebee,39 T.C. 801 (1963). Petitioners have proven that they incurred moving expenses deductible under section 217 in 1968 in the amount of $192.86. For 1969, petitioners have not proven the amount, *177 if any, of deductible moving expenses. Issues 3 and 4
Petitioners claimed deductions for maintaining a home office in each of the years involved, and for depreciation of dining room furniture allegedly used exclusively for business in 1970. The only evidence in the record to support these deductions was Kingsbury's testimony which we find incredible. Because petitioners have not carried their burden of proof, we sustain respondent's determination. Issue 5
Kingsbury invested in the stock market in each of the years involved. In 1969 and 1970, petitioners deducted the following amounts as investment-related expenses: 1969
Professional and investment magazines
and services
$303.92
Transportation and parking
197.66
1970
Office supplies and expenses
419.18
Investment supplies and expense
197.65
Professional and investment magazines
and services
520.18
Transportation, parking and tolls
731.10 Of the above amounts, respondent $186allowed in 1969 and $250 in 1970. Kingsbury did not offer any evidence or testimony to support the claimed deduction for professional and investment magazines and services for 1969 beyond the amount of $186 allowed *178 by respondent. As to the transportation and parking, Kingsbury testified, and submitted a written statement purporting to prove, that the expenses consisted of five trips to a stockbroker, totaling 160 miles, and of visits to libraries to do investment research, totaling 827 miles. We cannot find this evidence credible. Petitioners' investment-related expenses deducted in 1970 seem even more exaggerated than those claimed in 1969. A written schedule of transportation costs indicates that Kingsbury allegedly spent approximately $530 in phone calls and cab fares to and from brokers while away from home on business on 56 days during the year. Kingsbury testified he both subscribed to Barron's and the Wall Street Journal and purchased them at newsstands. Indeed, his records indicate that while in Florida on vacation he drove 28 miles and paid $2.20 in tolls per day just to pick up the Wall Street Journal. He testified that, in addition, he went to a broker each day of his vacation, driving almost 50 miles in this pursuit. Again, we cannot find petitioners' evidence credible. Moreover, even if we accepted petitioners' evidence in toto, it does not appear that such expenses were ordinary *179 and necessary. Given the small amount of Kingsbury's trading activity, these expenses were neither normal or customary nor appropriate and helpful. The expenses do not bear a proximate and reasonable relation to the production of taxable income or to the management of property held for the production of income. [3]Sec. 1.212-1(d), Income Tax Regs. Respondent's determination is sustained.
Issue 6
We have found as a fact that petitioners' employee business expenses for 1969 and 1970 do not exceed employer reimbursements for those expenses. In our view, petitioners' evidence was not sufficient to support their claimed deductions. Issue 7
Respondent has conceded that petitioners' automobile expenses for each of the years involved are deductible as follows: 1968-- $277; 1969-- $257; 1970-- $568. On the record before us, we think respondent has been more than generous. Petitioners computed their claimed deductions in each year by multiplying the total automobile expenses which they incurred in each year times a ratio, the numerator of which was the year's business mileage *180 and the denominator of which was total mileage. Petitioners understated their total mileage driven in each of the years involved. Petitioners failed to include in total mileage much of their personal-use mileage, including Kingsbury's commuting mileage. Additionally, petitioners listed as business mileage a large part of their personal mileage. On the record before us, petitioners have not shown us that they are entitled to deduct any more than respondent concedes to them. Issue 8
Respondent has conceded that petitioners are entitled to include as a medical expense transportation costs of $75 in each year involved. The evidence in the record does not substantiate a larger allowance, and we therefore find for respondent on this issue. Issue 9
Petitioners' claimed deductions of $68.82 in 1969 and of $117.42 in 1970 for transporting their children, and sometimes other children, to and from Girl Scouts and Cub Scouts' meetings, and on occasion, picking up supplies and refreshments. We think these expenditures were personal ones primarily made to benefit petitioners' children and which only incidentally benefited the charitable organizations. Grey B. (Miller) Tate,59 T.C. 543 (1973); *181 Harris W. Seed,57 T.C. 265 (1971); Arthur I. Saltzman,54 T.C. 722 (1970). We hold for respondent. Issue 10
Petitioners have wholly failed in their burden of proof regarding the negligence penalty. There is simply no evidence in the record to rebut the presumption of correctness attaching to respondent's determination. James S. Reily,53 T.C. 8 (1969). Accordingly, we hold for respondent on this issue. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.↩
2. John C. and Mildred N. Kingsbury,↩ T.C. Summ. Op. 1972-263.
3. Accord, on indistinguishable facts, Stanley S. Walters,T.C. Memo. 1969-5↩.