Leonard F. Longo v. Commissioner.
Longo v. Commissioner
Docket No. 2619-62.
United States Tax Court
T.C. Memo 1964-55; 1964 Tax Ct. Memo LEXIS 279; 23 T.C.M. (CCH) 404; T.C.M. (RIA) 64055; March 6, 1964
Leonard F. Longo, pro se, 1524 Southridge Lane, Cincinnati, Ohio. Marion Malone for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined a deficiency in petitioner's income tax for the year 1960 in the amount of $503.82. The only question presented is whether certain moving and relocation expenses of $2,300.81 incurred by petitioner in connection with a change of employers were deductible by him. Findings of Fact Some of the facts are stipulated and are hereby found as stipulated. The petitioner is an individual who presently resides at 14521 Moran Avenue, Westminster, California. The petitioner filed a joint income tax return with his wife, Monica L. Longo, for the year 1960 with the district director of internal revenue at Cincinnati, Ohio. The statutory *280 notice of deficiency was mailed to petitioner and his wife; however, she did not join in the petition and did not file a separate petition. Beginning in 1959, petitioner was employed by Lockheed Aircraft Corporation and was assigned to a company installation at Sunnyvale, California. A few weeks after petitioner was employed by Lockheed he was assigned to work on a project known as SURGE, SURGE is a computer program which is shared by a number of companies, including Lockheed and General Electric. Each company-member of SURGE has or shares a similar International Business Machine computer. Petitioner was the project manager for SURGE, elected by the members of the group as a whole. The computer programs developed by SURGE were shared by its members, and the description of programs was distributed to them. SURGE was a subgroup of a larger grouping called SHARE, SHARE was made up of such companies as Standard Oil of California, Douglas Aircraft, Westinghouse Electric, and, again, Lockheed and General Electric. Various companies were interested in the SURGE project and sponsored one or more employees to work on it. These companies belonged to the SHARE Users Organization which provided *281 for the mutual exchange of scientific data. The employees assigned to the SURGE project made up what is known as the SHARE Committee. SHARE had many subgroups most of which were discussion groups. Petitioner belonged to one of the few subgroups that created a product. He was a working member and chairman of this subgroup. Petitioner's work as a member and chairman of the SHARE subgroup continued the same for a period of three and a half years, beginning with his employment by Lockheed in 1959, through his employment with General Electric, and continuing with his present employment at Douglas Aircraft Corporation. In connection with the SURGE project, petitioner traveled to various SHARE Users sites and spent from twenty-five to thirty percent of his time at other locations. However, he still had to report to his salary-paying company. His company was interested in what he was doing and wanted him at his desk on a daily basis. Petitioner directed his own work and was never countermanded by his employer. As chairman of the SURGE committee of SHARE, petitioner arranged for periodic meetings of the committee. On July 1, 1960, he arranged for a meeting to be held in New Jersey from *282 August 15 through August 20, 1960. During the early part of 1960, Lockheed began losing interest in the SURGE project. Petitioner informed other members of the committee of his interest in continuing with the same work. On July 5, 1960, he wrote a letter to Fred Banan who was employed by General Electric at Evendale, Ohio. Petitioner informed Banan of his interest in obtaining a position with one of the other SHARE Users. Representatives of General Electric invited petitioner to attend an interview at their office in Evendale, Ohio. Petitioner traveled there on July 25, 1960, at which time the interview was held in a restaurant. When petitioner went to the interview with General Electric he understood that the purpose of the interview was for him to become an employee of General Electric and to receive a salary from that company. He also understood that he would continue to work on the SURGE project. Petitioner's wife contacted moving companies. The James and Neal Moving and Storage Company was contacted on July 28, 1960, and its agents went to petitioner's home on August 1, 1960, to make an estimate of the cost of moving petitioner's furniture and household goods. On July 29, 1960, the *283 following offer of employment letter was written by General Electric and addressed to petitioner: July 29, 1960 Mr. Leonard F. Longo 110 S. Gladys Avenue Mt. View, California
Dear Mr. Longo: It was a genuine pleasure to meet you during your recent interview trip to our Evendale Plant. The other people with whom you chatted also enjoyed discussing with you the technical aspects of our work here in the Flight Propulsion Division. We are pleased to offer you a position as Specialist, Business Applications in the Business Systems Computations Sub-Section of the Testing Operation in the Flight Propulsion Division under the supervision of Mr. V. L. Schatz, at a gross monthly salary of $ We will also reimburse you for a portion of the expenses incurred as a result of your move to the Cincinnati area. To aid you in preparing for this move and to arrange an opportunity for your wife to become more familiar with the Cincinnati area, it is my pleasure to invite both of you to visit this location at our expense. The attached sheets provide further details in this regard. This offer is contingent upon normal employment processing, including a personal history and security clearance, *284 as well as certification by our Company doctor that you are physically capable of performing the work. We have enjoyed talking with you about our work here and shall look forward to having you join us. We would appreciate hearing from you at the earliest possible date. If you have any questions, please feel free to contact me. Sincerely, C. A. Bevenour, Building 105, POplar 1-4100, Extension 3406 Petitioner's household goods were shipped by the James and Neal Moving and Storage Company to Cincinnati, Ohio, on August 19, 1960, at a cost of $1,501.78, which amount was paid by General Electric directly to the moving company. Petitioner received $799.03 from General Electric as reimbursed transportation expenses for himself and his family, and an additional sum of $575.20 representing extraordinary expenses. The total moving, transportation and extraordinary expenses were $2,876.01 and were included in petitioner's W-2 withholding statement and reported as income on his income tax return. Petitioner's employment with Lockheed ceased on August 12, 1960, and his employment with General Electric began on the same date. Petitioner's first work assignment was at the laboratories *285 of the Bell Telephone Company located at Murray Hill, New Jersey, and commenced on August 15, 1960, and lasted until August 20, 1960. This was the meeting petitioner had arranged on July 1, 1960. Beginning August 25, 1960, petitioner attended another meeting of the SHARE organization at Pittsburgh. Early in September he began doing his work at the General Electric office at Evendale, Ohio. The base salary petitioner received at General Electric was in excess of the base salary he received at Lockheed; however, petitioner received overtime at Lockheed but not at General Electric so that his total income decreased when he went with General Electric. Petitioner knew in advance that General Electric did not allow overtime and that his total income would be reduced. On January 29, 1962, an official of General Electric summarized the employment of petitioner in the following letter: January 29, 1962, Mr. L. F. Longo, Specialist, Computations - FPLD, Building 305 At your request I am documenting the circumstances under which you were employed by my operation for the General Electric Company. You were interviewed by myself and two of my staff members in July, 1960, and employed effective *286 August 12, 1960. You were at that time chairman of and working on the SURGE compiler committee for the IBM 709 and 7090 SHARE users organization. You indicated at that time that your present employer was losing interest in SURGE and that you were particularly interested in completing your work on the project. We were at that time vitally interested in the successful development of the SURGE compiler for the IBM 709 and 7090. We had several programs written in the SURGE language in operation on the IBM 704 and we were preparing to replace the 704 with a 7090 in the fall of 1960. We offered you a position with the specific intent and promise to you that you carry on the SURGE development work. We also endorsed and encouraged your continuation as Chairman of the SURGE Committee of SHARE, and in fact sent you to a meeting of this group, held in New Jersey during the week of August 15, 1960, as your first work assignment. Even though you could have completed your SURGE work at any 7090 location, as a General Electrict employee, it was necessary to have you relocate to our plant in Evendale, Ohio. The SURGE work is still active at this time and our interest in it continues. /s/ J. *287 C. Richter, J. C. Richter, Manager, Computations, FPLD, Building 305 Petitioner's work could have been completed at any 7090 location or at his home provided he could make occasional trips to a place where a computer was available. Petitioner understood that General Electric wanted some direct supervision over him. Since the company did not have an installation in California, petitioner understood that he was to be moved to Evendale, Ohio. Petitioner's moving and relocation expenses were reasonable in amount. Petitioner reported his income for 1960 as follows: General Electric, Evendale, Ohio
$ 6,453.40
Lockheed M & S Div., Sunnyvale, California
8,969.56
$15,422.96
This income represents the following: Lockheed
Salary from January 1, 1960 to and including August 12,
1960
$7,815.10
Reimbursements
1,154.46
$8,969.56
General Electric
Salary from August 12, 1960 to and including December
31, 1960
3,577.39
Reimbursement as follows: Paid directly to
James & Neal Moving & Storage
$1,501.78
Reimbursed transportation expenses paid to
petitioner
799.03
Subtotal:
$2,300.81
25% of above subtotal representing extraor-
dinary expenses
575.20
2,876.01
$6,453.40
GRAND TOTAL:
$15,422.96
*288 Petitioner deducted as an expense the sum of $2,300.81 from his joint income tax return for 1960. This deduction is noted as follows: I was moved by my employer (General Electric) at their request but the moving expenses returned to me were added to my income account $2,300.81. This item represents the total of the amount of $1,501.78 paid by General Electric to James and Neal Moving and Storage Company and the amount of $799.03 paid by General Electric to petitioner as reimbursement for transportation expenses. Opinion A distinction has become well-established with respect to the tax treatment of the moving and other relocation expenses of a new employee and the similar expenses of an old employee. The reimbursement of such expenses by the new employer has been treated as the income of the employee-taxpayer on the ground that it constituted a bonus or other inducement to take the new position, and the expenses actually incurred have been treated as nondeductible on the ground that they constitute personal living expenses. Willis B. Ferebee, 39 T.C. 801 (1963); United States v. Woodall, 255 F. 2d 370 (C.A. 10, 1958); Baxter D. McClain, 2 B.T.A. 726 (1925); *289 Rev. Rul. 55-140, C.B. 1955-1, 317. On the other hand, the allowance or reimbursement of an existing employee for such relocation expenses incurred in the course of a transfer in the interest of his employer from one official station to another has not been treated as includable in the employee's gross income on the ground that the move was for the employer's convenience. John E. Cavanagh, 36 T.C. 300 (1961); Rev. Rul. 54-429, C.B. 1954-2, 53. There is no doubt here but that the move in question involved a change in employers. On or before August 12, 1960, petitioner was employed by Lockheed in California; subsequent to that date, he was employed by General Electric in Ohio. Petitioner seeks to avoid the significance of this fact by contending that, while his employers may have changed, his employment did not. The evidence does, in fact, suggest that he continued to work on the same general project, i.e., SURGE. The evidence is clear that the move itself was not the choice of petitioner, but rather at the insistence of General Electric; that he would have preferred to stay in California. It is difficult to view the reimbursement here *290 in question as a "bonus" or an "added inducement" to take the new employment. Indeed, the move would seem to have been undertaken essentially for the convenience of General Electric. Nevertheless, we do not think now is the time to set aside the long-established rules described above. As the Court stated in United States v. Woodall, supra: While it may appear to be equitable that expenses incurred in seeking and obtaining employment, or in traveling to the place of employment, should be treated as though they had been incurred in the performance of one's duty as an employee, it has, nevertheless, been long recognized that deductions are matters of legislative grace, allowable only when there is a clear provision for them, and do not turn upon equitable considerations. McDonald v. Commissioner, supra; Deputy v. DuPont, 308 U.S. 488 * * *; New Colonial Ice Co. v. Helvering, 292 U.S. 435 * * *. What should be allowed as an expense deduction is a matter of policy for Congress, not the Courts. Congress has now acted to remove the distinction between new and old employees. Sec. 213, Revenue Act of 1964. See Finance Committee Report, p. 71-73, S. *291 Rept. No. 830, 88th Cong., 2d Sess. However, its action is limited to moving expenses incurred after December 31, 1963. The petitioner, whose shift of employment occurred in 1960, is not aided thereby. Decision will be entered for the respondent.